## GAGLIARDO v. HOBERLIN et al.

THE findings of fact in the Court below will not be reviewed on appeal, unless there was a motion for new trial; and this, whether the case be in equity or at law; tried by a jury or by the Court.

Dewey v. Bowman, (8 Cal. 145) holding that in equity causes no motion for new trial is necessary in order to review the facts, overruled.

APPEAL from the Twelfth District.

Foreclosure suit on a note and mortgage given by defendant to Foote & Aldrich for professional services as attorneys in the *Deck Estate*, and by them assigned to plaintiff. The note was as follows:

" $4,000.          SAN FRANCISCO, December 26th, 1856.

" For value received, I promise to pay to H. S. Foote and L. Aldrich, or their order, four thousand dollars, to be paid only in the event of the recovery by me of the estate of August Deck, deceased, of which I am now claimant.

(Signed.)               JACOB HOBERLIN."

A mortgage was executed at the same time by Hoberlin and one Clark, to secure the note.

The case was tried by the Court without a jury by consent of parties; and the Court found the execution of the note and mortgage, the rendition of services by Foote & Aldrich as the consideration, the recovery by Hoberlin of the Deck estate, and the assignment of the note and mortgage to plaintiff. The defense set up is not material to be stated under the decision of the Court. Decree for plaintiff. Defendant, Hoberlin, appeals from the decree without having moved for a new trial, but bringing up in the record the evidence in the cause.

*Shattuck, Spencer & Reichert*, for Appellant.

*G. Frank Smith*, for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

In this case, no motion having been made for a new trial, the findings of the Court are conclusive as to the facts. The provisions of the statute in relation to new trials apply as well to actions of equitable cognizance as to those of a strictly legal nature, and it is only through the medium of an application in pursuance of these provisions that the evidence can be brought before this Court for review. In the absence of such an application, the conclusions of fact must be deemed to have been properly drawn, and the matter cannot be regarded as open to investigation on appeal. We are

aware of no other mode in which their correctness can be called in question, and parties must present their objection in the proper form, or be presumed to have acquiesced in the alleged error. It is true, in *Dewey* v. *Bowman* (8 Cal. 145) it was held that in equity causes no motion for a new trial is necessary; but we have on frequent occasions expressed our disapprobation of that case, and believing it to be in direct conflict with the statute, it is our duty to overrule it. The Legislature intended that the rules of practice should have a uniform operation, and that intention is so expressed as to leave no room for misapprehension. It is the duty of the Courts to administer these rules in accordance with the design of the Legislature, and any inquiry into the nature of the action is irrelevant and inadmissible. All actions are placed upon the same footing, and the Courts have no authority to create distinctions not recognized by the statute. The exercise of such authority cannot be vindicated, and under proper circumstances we shall never hesitate to apply the necessary corrective.

In *Duff* v. *Fisher* (15 Cal. 375) we hold that objections to the verdict of a jury in an equity case must be taken advantage of by a motion for a new trial, in order to obtain a review of the facts. The principle of uniformity requires that this rule, founded as it undoubtedly is in a correct interpretation of the statute, should be so extended as to include all cases without reference to the mode of trial. "The statute," said the Court in that case, "appears to us to apply to all cases, whether of legal or equitable cognizance." In *Riddle* v. *Baker* (13 Cal. 295) a similar view had been expressed in substantially the same language.

The case at bar is eminently a proper one in which to place ourselves right upon this subject. There is nothing in the record to justify a reversal, and it is immaterial upon what ground we put the decision.

Judgment affirmed.