## PETER H. BURNETT *v.* R. PACHECO, Treasurer of State.

STATEMENT ON APPLICATION FOR NEW TRIAL.—A statement on application for a new trial, which does not specify the particular errors relied on, or if it is claimed that the evidence is insufficient to warrant the verdict, the particulars in which the evidence is alleged to be insufficient, should be disregarded by the Court.

STATEMENT ON APPEAL.—A statement on appeal from the judgment, which does not specify the errors relied on, is insufficient.

APPEAL FROM JUDGMENT.— On an appeal from a judgment, the Court will not review the evidence for the purpose of determining whether the findings of fact are warranted by the evidence.

PLACE FOR ASSIGNMENT OF ERRORS.— The place for an assignment of errors is in the statement, and not in the notice of appeal.

APPEAL ON JUDGMENT ROLL.— If there is no statement on appeal, no specification of errors is required.

AGREED STATEMENT OF FACTS.—If the parties agree to a statement of facts, and stipulate that it may be used by either party in any and all proceedings in the action, the statement of facts becomes a part of the judgment roll.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

This action was brought against the State Treasurer to recover possession of ten State bonds. ·

The other facts are stated in the opinion of the Court.

*George R. Moore,* for Appellant.

*C. T. Ryland,* of counsel for Appellant.

*J. G. McCullough, Attorney-General,* for Respondent.

By the Court, SHAFTER, J.

The complaint states that the plaintiff, in the year 1858, was the owner of ten State bonds of the State of California, issued under the Act of April 28, 1857 ; that in the year 1858, he deposited the bonds with one John H. Gass, of Sacramento, for the sole purpose of collecting and receiving the coupons, or interest, as the same should from time to time fall due ; that thereafter, in September, 1860, Gass, without plaintiff's knowledge or consent, and against the statute in such case made and provided, and with intent to steal said bonds and the coupons attached thereto, converted the same to his own use ; that such conversion first became known to the plaintiff in February, 1863 ; that in January, 1862, the bonds came wrongfully and unlawfully into the possession of D. R. Ashley, who, on demand made, refused to deliver them to the plaintiff. It is further averred that said Ashley, at the time when he became possessed of the bonds had full notice of the plaintiff's title, and that all other persons through whose hands said bonds passed, had like notice.

The answer denies all the allegations in the complaint, and avers that the bonds and coupons are the property of the State, and have been since the 7th of September, 1860 ; that the instruments were negotiable, and that the property in them passed by delivery ; that the bonds had been redeemed and purchased by the State, after due proceedings, for eight thousand four hundred and seventy-eight dollars and seventy-five cents, which was their full value, and that immediately thereafter, and on said 7th of September, 1860, they were cancelled and deposited in the office of the Treasurer of the State, as a part and portion of the archives and records. At said date Thomas Findley was State Treasurer, from whom defendant Ashley, as his successor, received and has ever since held the papers.

Ashley having gone out of office, Pacheco, his successor, was made party defendant by stipulation.

The trial was by the Court. The decision was in favor of

52

the defendant, and judgment was entered thereon December 18, 1863. Notice of motion for new trial was given in due season, based on the following grounds set forth in the notice.:

First—Error in law occurring at the trial and duly excepted to by the plaintiff.

Second—Because the judgment is against law.

Third—Because the evidence in the case is insufficient to justify the judgment of the Court, and that said judgment is contrary to the evidence.

A statement of the case on motion for a new trial and on appeal, was prepared and filed. The statement contained a full report of the proceedings at the trial, including a report of the evidence; but the statement did not "specify the particulars in which the evidence was alleged to be insufficient;" nor the "particular errors of law occurring at the trial" upon which the plaintiff would rely in support of his motion, as required by the one hundred and ninety-fifth section of the Practice Act, as amended in 1863. The motion for new trial was denied, and the appeal is taken from the order of denial and from the judgment.

1. The motion for new trial was properly overruled. Under a positive provision of the one hundred and ninety-fifth section of the Practice Act, as amended in 1863, the Court was bound "to disregard the statement," for the reason that it was no statement under the rule established by that section. The statute is peremptory; the rule is one of great practical consequence, and the respondent insists upon its non-observance in this case as a point against the appeal. (*Hutton* v. *Reed*, 25 Cal. 478.)

2. The remaining questions arise under the appeal from the judgment.

The statement on new trial stands as a statement on appeal from the judgment, but the specification of grounds therein contained is as imperfect, when considered as a specification of errors on appeal from the judgment, as when considered as a specification of grounds on motion for new trial. (Practice Act, Sec. 338; *Wixon* v. *Bear River Co.*, 24 Cal. 367.)   Fur-

ther, on an examination of the record, we do not find that there were in fact any " errors in law occurring at the trial and excepted to by the plaintiff;" and as to whether the findings of fact were justified by the evidence, it is a question which cannot be reached, under any circumstances, through an appeal from the judgment. (*Gagliardo* v. *Hoberlin*, 18 Cal. 394.) The notice of appeal contains what it calls an "assignment of errors." The place for the specification of errors, in an appeal from a judgment, is in the statement, if there be one, (Prac. Act, Sec. 338,) and not in the notice of appeal; and if there be no statement, then as the questions must necessarily arise upon the judgment roll, no specification of errors is required. The second assignment contained in the notice of appeal is as follows: "Because said District Court erred in holding and deciding that the indorsement 'This bond not for sale; Peter H. Burnett,' on the back of each of the bonds in dispute, was not sufficient notice to subsequent purchasers and others to put them upon inquiry." The defendant's counsel has stipulated that the assignment of errors, contained in the notice of appeal, is a true copy of the original document, but refuses to admit the proposition of fact contained in the foregoing specification. As the parties do not agree that the Court made the decision recited in the specification, and as we cannot discover from any portion of the record that any such decision was made, nor even that the Court had occasion to consider the question, it would be aside from our office in error to pass upon a point lying thus in hypothesis.

Aside from the testimony of witnesses, there was an agreed statement of facts used on the trial, and it was stipulated that the statement might be used by either party " *in any and all proceedings in the action.*" We consider this agreed statement of facts as annexed to the judgment roll by the effect of the stipulation, and the question is, whether the judgment in favor of the defendant is to be considered as erroneous in view of the facts set forth in the statement. The statement gives the number, date and amount of each of the ten bonds, the title and date of the Act under which they were issued; states that

the bonds and coupons attached were payable to *bearer;* that on the 7th of September, 1860, after due notice, the bonds and coupons were redeemed from D. O. Mills & Co. at eight thousand four hundred and seventy-eight dollars and seventy-five cents, paid in coin; that the bonds and coupons were thereupon cancelled, and have since that time remained in the office of the State Treasurer, and in his possession; that at the time of the redemption there was on the back of each and every of the bonds the following indorsement in the handwriting of the plaintiff, to wit: "This bond not for sale. Peter H. Burnett."

The statement further contains an admission of demand and refusal, and then closes as follows: "The legality of the aforesaid redemption is reserved for the determination of the Court; and the admissibility of the fact in evidence, as to whom said bonds were originally issued by the State, is reserved for the Court."

We find from the record that the plaintiff offered evidence tending to prove that the bonds when first issued, were the property of the plaintiff, and that they were delivered to Gass as his agent. This evidence was admitted by the Court, and if admitted improperly, the error was to the advantage and not to the prejudice of the plaintiff. As to the question of the "legality of redemption:" when tried by the facts of the statement, we can see no reason to doubt its legality. The statement of facts does not disclose, nor does the Court find, nor do the parties stipulate, nor does it appear in any manner as a *fact,* that the plaintiff was ever at any time the owner of the bonds; nor that he ever had any interest in them; nor that Gass was ever his agent, nor even that such a man as Gass ever existed. If it appeared as a fact that the plaintiff was originally the owner of the bonds; that while holding them in possession he put the indorsement mentioned in the statement upon the back of each of them, and that the bonds came to the hands of D. O. Mills & Co. without the knowledge or consent of the plaintiff, then the question might be presented as to what effect the indorsements would have to

protect his title to the bonds as against the redemption ; but as the case stands, that question is not presented, and therefore it cannot be considered.

Judgment affirmed.