T. ELLARD BEANS *v.* JOSEFA C. EMANUELLI, EMILIO CARPENA, AND IGNACIO NUMBRILA.

PLEADING A JUDGMENT OF A PROBATE COURT.—In pleading a judgment of the Probate Court it is not necessary to allege the facts conferring jurisdiction, but the judgment may be stated to have been duly rendered.

STATEMENT OF ERRORS ON MOTION FOR NEW TRIAL.—If the moving party, on motion for new trial, intends to rely on the point that a finding of fact is contrary to the evidence, he should specify in his statement wherein such finding is

not justified by the evidence. It is not sufficient for him to state generally that the evidence is insufficient to justify the findings.

STATEMENT OF GROUNDS ON WHICH NEW TRIAL IS ASKED.—If, at the close of a statement on motion for new trial, the moving party says that he "will rely on the argument of the motion for new trial in this cause upon the following grounds," and then enumerates his grounds, he will be considered as abandoning all the grounds not enumerated.

SPECIFICATION OF ERRORS RELIED ON.—It is not enough that in the history of a case exceptions appear scattered here and there through a statement made on motion for a new trial; but it is necessary in the statement to specify the particular errors upon which a party will rely.

NEWLY DISCOVERED EVIDENCE.—Newly discovered evidence relied on to obtain a new trial, has no place in a statement. It should be presented in affidavits.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The complaint averred that Domingo Emanuelli, on the 7th day of February, 1856, intermarried with Josefa Carpena, and under the name of Josefa Carpena de Emanuelli; and on the 24th day of February, 1859, and while they were husband and wife, purchased from one Valencia a tract of land, for which he paid one thousand nine hundred dollars; that the consideration money was the separate property of the husband, Domingo, but the deed was taken in the name. of his wife, Josefa; that on the 4th day of October, 1861, the wife, Josefa, without the knowledge of her husband, executed and delivered to the two other defendants, who were the sons by a former marriage, a deed of the land; that on the 18th day of May, 1864, the husband, Domingo, died in Santa Clara County; that afterwards divers proceedings and decrees in the matter of said estate were duly given and made in the Probate Court of said county, through and under which said proceedings and decrees this plaintiff became, on the 9th day of July, A. D. 1866, the purchaser, and all the right, title, and interest of the said Domingo Emanuelli became vested in and inured to said plaintiff, and he became and now yet is the legal owner in fee simple absolute of said premises.

The plaintiff prayed that the defendants be enjoined from setting up any claim to the land.

The defendants demurred to the complaint, because it did not appear from the same that the Probate Court had jurisdiction, or that an administrator had been appointed and qualified. The Court overruled the demurrer. The plaintiff had judgment, and the defendants moved for a new trial.

The following was the specification of the grounds of the motion as contained in the statement thereon, upon which they proposed to rely, to wit:

"Defendant will rely, on the argument of the motion for a new trial in this cause, upon the following grounds, to wit:

"1st. Upon newly discovered evidence of Cirilio Valencia and wife, which is particularly set up in affidavit above referred to and made a part of this statement.

"2d. Error of the Court in admitting the evidence of Thomas Bodley and George.M. Yoell, and the probate proceedings and papers; and judgment of Justice's Court, in suit of *Josefa Emanuelli* v. *John Doe Roberts*—all of which evidence was erroneously admitted and considered by the Court, over and above the objections of defendant above stated, and exceptions by them made at the trial.

"3d. Error in law occurring at the trial, and excepted to by defendants.

"4th. Error by the Court in finding for plaintiff upon the above illegal evidence, and in ordering judgment against the law and evidence of this cause, and against defendants."

The motion for a new trial was denied, and the defendants appealed from the judgment and the order denying said motion.

The other facts are stated in the opinion of the Court.

*J. C. Black*, and *Moore, Laine & Silent*, for Appellants.

*F. E. Spencer*, for Respondent.

By the Court, SAWYER, C. J. :

The complaint in this case, we think, was sufficient, and the demurrer was properly overruled.

The only other point made in appellants' brief is that the Court erred in not finding that the property in question was the separate property of Josefa Emanuelli—that is to say, that the finding on this point was contrary to the evidence. It is enough to say in respect to this point, that it was not specified as a ground of the motion for new trial in the statement unless embraced in the general ground found at the beginning of the statement, covering all the evidence and all the issues in the case, "that the evidence offered and admitted on the trial of this cause is insufficient to justify the findings and the judgment of the Court herein." Even this general ground seems to have been abandoned when at the close, in the proper place, it is stated that "defendant will rely on the argument of the motion for new trial in this cause, upon the following grounds," and then enumerates, in their proper order, the grounds, none of which embrace, even in general terms, the one in question. This formal specification, in their proper place and order, of the grounds upon which he says he will rely, implies that he relies on no other. But suppose he does not intend to abandon the general ground, that the findings are contrary to the evidence, we have held, over and over again, that this general specification is insufficient, under section one hundred ninety-five, which expressly provides that "the statement shall specify the *particulars in which* such evidence is alleged to be insufficient," and "the statement shall contain so much of the evidence * * * as may be necessary to explain the *particular points thus specified, and no more."* (Prac. Act, Sec. 195; *Hutton* v. *Reed*, 25 Cal. 490; *Burnett* v. *Pacheco*, 27 Cal. 410; *Carleton* v. *Townsend*, 28 Cal. 220, 221.) The specification of this point is, in all respects, as general as in the cases cited, and as general and devoid of particularity as it could well be. If such a specification could be tolerated, the object of the statute would be frustrated,

and it would be necessary in every case for the respondent in the motion to see that all the evidence introduced upon all the issues at the trial should be included in the statement.

Although not necessary to a decision of the points now under discussion, some remarks in appellant's closing brief render it proper to say that it is not enough, that in the history of the case exceptions appear scattered here and there through the statement, for a great many exceptions are taken in the course of a trial which are afterward not relied on, and, under the statute, it is necessary in the statement to "specify *the particular errors* upon which the party *will rely.*" This language of the statute is plain, and has been so often explained and illustrated, and the rule prescribed enforced by this Court, that there does not now seem to be any good reason for departing from the practice established. If the grounds are not specified in the mode prescribed, the only thing we can do, is to obey the injunction of the statute, which is, "if no *such* specification be made, the statement shall be disregarded." As to the point under consideration, there is "no *such* specification," and to that extent the statement must be disregarded.

The only specifications upon which any plausible argument can be made as to their sufficiency, are those contained in the one numbered "Second." This embraces several particulars, and we should endeavor to hold it sufficient as to some of its parts if any point was now really made upon it. The portion which is most distinctly specified, in relation to the proceedings in the Probate Court, is withdrawn by stipulation. But the whole jumbles together as one ground the proceedings of the Probate Court, and the entire evidence of two witnesses, the greater portions of whose testimony were not objected to at all. No point is, however, now made in the briefs as to the admissibility of any part of this testimony, and, doubtless, because there is nothing in the objection.

The third ground is too general, and cannot be noticed

under the authorities cited, but no specific point appears to be made under it. The fourth is, substantially, but a repetition in another and condensed form of the second; and the first in relation to newly discovered evidence, has no place at all in a *statement* on motion for new trial. It is an independent ground presented not by statement, but by affidavit, which must, also, be filed within the time prescribed for such filing. (Prac. Act, Secs. 194, 195.) But we have already disposed of the points relied on in appellant's briefs.

. Judgment and order affirmed, and remittitur directed to issue forthwith.