[No. 9919. In Bank. — January 26, 1886.]

THOMAS W. GRAHAM, EXECUTOR, ETC., OF ISABELLA
    CARRUTHERS, DECEASED, RESPONDENT, *v*. ANNIE
    STEWART ET AL., APPELLANTS.

APPEAL — NEW TRIAL — STATEMENT OF CASE — SPECIFICATION OF ERRORS.—
    On an appeal from an order refusing a new trial, where the statement
    of the case does not specify any errors of fact on which the motion for
    a new trial was made, the decision of the court must be regarded as con-
    clusive of the facts in the case.

ID. — JURY TRIAL — EQUITY CASE — AMENDMENTS — DISCRETION. — The al-
    lowance of a trial by jury in an equity case, or of amendments to the
    pleadings at any stage of the proceedings, is a matter addressed to the
    sound legal discretion of the trial court; and the Supreme Court will not
    interfere with the exercise of such discretion unless it appears to have
    been abused.

ID. — IMMATERIAL ERROR — SUBMISSION OF ISSUE TO JURY — FINDINGS. —
    Error in overruling an objection to a proposed issue submitted to the
    jury in an equity case is cured if the court, notwithstanding the answer
    of the jury, finds all the facts connected with such issue.

ID. — CONCLUSIONS OF LAW — APPEAL — JUDGMENT. — The question whether
    the findings of fact warrant the conclusions drawn by the court arises on
    an appeal from the judgment.

HOMESTEAD — DEATH OF HUSBAND — TITLE OF SURVIVING WIFE — SEPARATE
    PROPERTY. — Under the Homestead Act of 1860, as amended in 1862, the
    homestead property, upon the death of the husband, vests absolutely in
    the surviving wife as her separate property, and is not affected by her
    subsequent remarriage.    Thereafter, she may use it for her exclusive
    benefit, and dispose of it without the consent of her husband, in the man-
    ner provided by law.

MORTGAGE — FORECLOSURE — PLEADINGS — SITUATION OF PROPERTY — JUDI-
    CIAL NOTICE — JURISDICTION. — The action was brought to foreclose a
    mortgage.    The complaint alleged that the mortgage was duly recorded
    in the office of the recorder of San Diego County, and described the
    mortgaged premises as lot G in block numbered 93, in Horton's Addition
    to San Diego, as per maps on file in the county recorder's office, made by
    James Pascoe.    *Held*, that the situation of the mortgaged property in
    San Diego County was sufficiently alleged, and judicial notice being
    taken that there is but one San Diego County in the state, that the
    Superior Court of that county had jurisdiction of the subject of the
    action.

ID. — UNCERTAINTY OF DESCRIPTION. — *Held further*, that the mortgage was
    not void for uncertainty in the description of the mortgaged property.

ID. — MORTGAGOR CANNOT OBJECT TO DESCRIPTION. — In an action to foreclose
    a mortgage as it is written, a mortgagor cannot be heard to complain of
    an indefinite description of the mortgaged property, whatever might be
    the effect of a sale under the description.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order refusing a new trial.

The action was brought to foreclose a mortgage. The further facts are stated in the opinion of the court.

*A. B. Hotchkiss*, for Appellants.

*Leach & Parker*, for Respondent,

McKEE, J.—The appeal taken by defendant in this case is from a decree of foreclosure and an order denying a motion for a new trial.

I. The order denying the motion was made upon a statement of the case, indorsed by the court "allowed," and by the clerk of the court, "engrossed statement on motion for new trial." The document merely specifies the object of the action, the pleadings in the case, the contents of a deed which, it is claimed, was the basis of a counter-claim filed by the defendant, and errors of law occurring at the trial. It contains no statements of any evidence given at the trial, except the deed referred to as the basis of the counter-claim; no specifications of particulars in which any evidence was claimed to have been insufficient to sustain any finding, no notice of motion designating the grounds upon which the motion would be made, and no motion based upon any statutory grounds. The only reference to a motion is found in the order appealed from, which shows that the parties appeared by their respective attorneys, and "the defendant moves the court for a new trial herein, and in support of said motion offers in evidence the statement on motion for new trial and the judgment roll herein. Whereupon the motion for new trial is denied by the court, and defendant excepts to the ruling of the court."

The office of a statement on motion for a new trial is to bring into the record those matters which have arisen in the progress of the trial, and matters which constitute the basis of the motion or grounds for a new trial, out

of which arises whatever questions the appellant desires to have reviewed, on appeal from the order granting or refusing a new trial. (Code Civ. Proc., secs. 656, 657, 659; *Harper* v. *Minor*, 27 Cal. 107.)

A statement which does not specify any errors of fact or of law on which the moving party will rely for a new trial is wanting in its essential elements, and is insufficient as the basis of a motion. (Sub. 3, sec. 659, *supra; Ferrer* v. *Home Mutual Insurance Company*, 47 Cal. 416; *Crowther* v. *Rowlandson*, 27 Cal. 385; *Burnett* v. *Pacheco*, 27 Cal. 408; *Partridge* v. *San Francisco*, 27 Cal. 416; *Beans* v. *Emanuelli*, 36 Cal. 117.) As, therefore, the statement in the record does not specify any error of fact on which the motion for a new trial was made, the decision of the court must be regarded as conclusive of the facts of the case.

II. But the statement contains the following:—

"Particular errors of law occurring at the trial of said cause, on which defendant will rely on hearing of motion for new trial:—

"1. The court erred in allowing a trial of the cause by jury, and in refusing to strike out and vacate the order for jury trial.

"2. The court erred in submitting certain issues to the jury

"3. The court erred in allowing plaintiff to amend his complaint at the close of his evidence."

The allowance of a trial by jury in an equity case, or of amendments to pleadings at any stage in the proceedings, is a matter addressed to the sound legal discretion of the trial court; and this court never interferes with the exercise of that discretion, except where there is a showing that the discretion has been abused. No such showing is made in this case.

The court, however, did err in overruling the objections to the proposed issues submitted to the jury as to the deed referred to as the basis of defendant's coun-

ter-claim; but the error was not prejudicial, because upon the evidence the court itself, notwithstanding the answers of the jury, found all the facts in connection with the deed and counter-claim, and decided the question of the validity of the claim. No attack has been made upon the findings; it must therefore be accepted as conclusive of the facts, and the only question is, whether the facts warrant the conclusion drawn by the court. That question arises on the appeal from the judgment.

III. On that appeal the errors insisted upon are:—

" 1. The findings of fact do not respond to the issues made by the pleadings.

"2. The conclusions of law are not sustained by the findings of fact, and are not based on facts or the pleadings."

The pleadings consist of the complaint, demurrers, and answer. The complaint contains a statement of facts sufficient to constitute a cause of action for the recovery of a judgment upon the note, and foreclosure of the mortgage in suit. The answer specifically denies all the allegations of the complaint, and sets up as separate and distinct defenses against the note and mortgage,— 1. A set-off or counter-claim for $1.712, money alleged to have been received for the defendant in October, 1880, by the original mortgagee from a sale of real property which he had and held for the benefit of himself and defendant; and 2. That the premises described in the mortgage were, at the date of the mortgage, the homestead of the defendant, and that the mortgage executed thereon was void.

The court finds that all the allegations of the complaint are true; that the original mortgagee was not indebted to defendant for moneys had and received, that there was no off-set or counter-claim against the note; and that the facts in connection with the claim of homestead upon the mortgage premises are as follows:—

"On the ninth day of February, 1870, the defendant Annie Stewart and one John Sherman were, and for a long time prior thereto had been, husband and wife; and as such husband and wife they were the owners in fee of the land and premises known as lot G, in block 93, of Horton's Addition to the city of San Diego, in the county of San Diego, state of California, as community property, and were then actually residing and living in their dwelling-house thereon with their children. That while they were so the owners as aforesaid and so residing with their family on said premises, the said Annie Stewart, then the wife of the said John Sherman, on the ninth day of February, 1870, selected said land, together with the dwelling-house thereon, and its appurtenances, as a homestead for herself, her children, and her said husband, and to that end she, in due form of law, and in writing, made, signed, executed, and acknowledged on said date a declaration of intention to claim said premises as a homestead; which said declaration was thereafter recorded in the proper books of records in the recorder's office of San Diego County, as required by law, in Homestead Book 1, page 41, etc. . . . . That afterward, during the year 1870, said John Sherman died, leaving surviving him the defendant Annie Stewart and two minor children; that thereafter, during said year 1870, the defendant Annie Stewart intermarried with one R. W. McQuilkin, and ever since has been his lawful wife, of all of which said plaintiff and said Matthew Carruthers had notice, although for a portion of the time they supposed that said McQuilkin was dead; that since the execution and recording of said declaration of homestead, said Annie Stewart has occupied said premises and claimed the same as a homestead under and by virtue of said declaration and dedication, which homestead premises are the same premises described in the mortgage in plaintiff's complaint described; that said premises are now and always have been of less value than five

thousand dollars; that said mortgage is not signed by
said R. W. McQuilkin, and the same is not void as a lien
against said homestead premises."

The findings are responsive to the pleadings, and cover
the issues made by them, and as they are conclusive
of the facts stated in them, the only question arising
upon the assignment of errors is, whether they warrant
the conclusion drawn from them that the plaintiff was
entitled to a foreclosure and sale of the mortgaged
premises.

Dedication of the premises as a homestead was made
in 1870, under the Homestead Law of 1860, as amended
in 1862, which was then in force. By that law it was
declared that the husband and wife shall be deemed to
hold the homestead as joint tenants (Stats. 1860, p. 311);
and that upon the death of either spouse the homestead
property shall vest absolutely in the survivor, and be
held by the survivor as fully and amply as the same was
held by them, or either of them, immediately preceding
the death of the deceased, etc. (Stats. 1862, p. 519.)
Under the law, therefore, when the husband, John Sher-
man, died in 1870, the homestead property vested abso-
lutely in the defendant as his surviving wife, and she be-
came the sole owner of it, as of her separate estate. As
her separate property, it was not affected by her subsequent
marriage with McQuilkin. The marriage changed her
social *status*, but it did not change her right to the prop-
erty. In its title and use it remained vested in her as
the true owner, usable by her for her exclusive benefit,
and disposable by her, without the consent of her hus-
band, in the manner provided by law; i. e., by a convey-
ance of the property executed and acknowledged by her
as a married woman, before an officer authorized to take
her acknowledgment.

The defendant did make such a disposition of the
property on the 3d of September, 1881, when she, by the
name of Mrs. Annie Stewart, late Annie Sherman, signed

and delivered the promissory note, and executed and acknowledged as a married woman, and delivered, the mortgage in suit. The conclusion that the mortgage was valid, and that the plaintiff was entitled to judgment, and foreclosure and sale of the mortgage premises, was therefore properly drawn from the findings.

IV. Lastly, appellant insists that "the court got no jurisdiction of the *res*, because there is no allegation in the complaint that the real estate upon which the lien is claimed is in San Diego County or the state of California." And that the description of the mortgage premises is insufficient to confer jurisdiction.

The allegations of the complaint are: "That on a certain day, to wit, the third day of September, 1881, at the said county of San Diego, in the state of California, the said defendant Annie Stewart made her certain promissory note in writing," and as security for payment of the same, executed, acknowledged, and delivered a certain mortgage, "which was duly recorded in the office of the recorder of said county of San Diego,—a copy of which, being marked as exhibit A, was annexed to the complaint and made part thereof. The premises are described as "all that certain piece or parcel of land bounded and described as follows, to wit: lot lettered G, in block numbered ninety-three (93), in Horton's Addition to San Diego, as per maps on file in the county recorder's office, made by James Pascoe, together with the improvements on said lot."

Affirmatively it sufficiently appears that the real estate is in San Diego County, and the court takes judicial notice that there is but one San Diego County in the state of California; therefore the court had jurisdiction of the subject of the action.

The mortgage was not void for want of a sufficient description of the property; and the property was sufficiently described for the exercise of the jurisdiction of the court.

But even if the description were indefinite, it would be no objection to the enforcement of the mortgage against the mortgagor. In an action for foreclosure of a mortgage as it is written, a mortgagor cannot be heard to complain of an indefinite description of the property mortgaged, whatever might be the effect of a sale under the description. (*Whitney* v. *Buckman*, 13 Cal. 536; *Tryon* v. *Sutton*, 13 Cal. 490.)

There is no prejudicial error in the record.

Judgment and order affirmed.

Ross, J., Myrick, J., Morrison, C. J., Thornton, J., and Sharpstein, J., concurred.