[No. 1269.]

SILAS E. BURBANK, RESPONDENT, *v.* FRANK RIVERS, APPELLANT.

CONTEST FOR PUBLIC LAND — PRACTICE ACT. — Contests for public land are governed by the provisions of the practice act so far as applicable.

APPEAL — STATUTORY REGULATIONS — QUESTIONS TO BE CONSIDERED. — The method of taking appeals, and the questions to be considered thereunder by the appellate court, are matters of purely statutory regulation.

IDEM — INSUFFICIENCY OF EVIDENCE TO SUSTAIN FINDINGS — APPEAL FROM JUDGMENT — NO MOTION FOR NEW TRIAL — EQUITY CASES. — The rule that the supreme court will not review the evidence upon an appeal from the judgment alone, for the purpose of determining its sufficiency to sustain the findings of the lower court, no motion for a new trial having been made, applies to suits in equity where the evidence is entirely documentary, as well as to all other actions.

APPEAL from the District Court of the Seventh Judicial District, Washoe County.

The facts are stated in the opinion.

*A. C. Ellis*, for Appellant.

Brief, reviews the evidence in the case and discusses the appeal upon its merits.

*W. E. F. Deal*, for respondent.

Discussed the case upon its merits and also contended that the appeal being from the judgment alone could not be considered for any purpose except to determine whether the judgment is supported by the findings of facts.

By the Court, HAWLEY, J.:

Appellant and respondent made application to the land register of this state for the purchase of certain lands situate in Lyon county, and each claimed a preferred right to purchase

the same, under the provisions of section 12 of the "Act to provide for the selection and sale of lands," (Stat. 1873, 124.) The land register, in pursuance of the provisions of said act, certified the respective applications to the district court. The court appointed a commissioner to take the testimony, and upon the coming in of the report of the testimony so taken, the court rendered a judgment . in favor of respondent. This appeal is taken from the judgment alone, upon a statement containing all the evidence submitted by the respective parties. The ground relied upon for a reversal of the judgment is, "insufficiency of the evidence to justify the findings and decision of the court, and that it is against law." Specific assignments of error are made to several of the findings, and a specification of the particulars in which the evidence is claimed to be insufficient is embodied in the statement. It is not in fact claimed that the findings do not support the judgment. The real question, which appellants seek to have reviewed, is whether the evidence supports the findings of the court. There is no room for argument upon the proposition that the findings supported the judgment. Respondent objects to any consideration of the statement for any purpose except to determine whether the judgment is supported by the findings of facts. He claims that the only mode by which the question of insufficiency of the evidence to justify the findings, etc., can be brought before this court for review, is by moving for a new trial in the court below, and upon the refusal of that court to grant the motion, to appeal from such order. The authorities he cited from the supreme court of this and other states fully support the position which he maintains, that only in this way " can this court determine whether the judgments or other decisions of the district courts are supported by the evidence, or whether the findings of facts of such courts are sustained by the evidence." Appellant admits that the general rule and practice recognized and enforced by this court, in construing the statute, (subdivision 6, Sec. 195, of the civil practice act; Gen. Stat. 3217,) is substantially as stated by respondent, in all cases at law where the court below has had the opportunity of seeing, hearing, and examining the witnesses who have testified in the case; but he claims that the reason upon which the rule is founded—to the effect that, before the testimony can be reviewed by the appellate court, the lower court must have had

an opportunity to review its own findings and decision, and to exercise its judgment and discretion, either by upholding or setting aside the findings, and thereby correcting its own errors, if any had been committed—has no application to cases in equity, to a proceeding like the case at bar, or to any case where the testimony is wholly documentary, and that in all such xceptional cases the general rule ought not to be strictly enforced.

Does the statute, by a fair and liberal construction, authorize or warrant any exception to the general rule above stated? Can this court, in the absence of any statutory provision creating any distinction in the method of taking appeals in the different character of cases, make any exception to the general rule? The contention of appellant that this case is *sui generis*, and not controlled by the provisions of the practice act, cannot be maintained. In *Neil* v. *Wynecoop*, which was a controversy between the parties to determine which had the preferred right to purchase lands under the provisions of section 12 of the act of 1871, (Stat. 1871, 138,) this question was presented, and decided adversely to the views contended for by appellant. Whitman, J., in delivering the opinion of the court, after quoting the provisions of section 12, said: "Under .this section the case at bar was tried. The appellant here moved for a new trial. It is objected that his statement contains no specification of error. To that is answered that this case is *sui generis*, and the provisions of the general practice act inapplicable. Under the statutory language, there can be no doubt that the position is incorrect. Such cases, after a certain point, are to be tried. and determined as ordinary actions. Of course, reference must be had to the practice act to ascertain and determine how such actions are tried; and the governing rules, so far as applicable to the individual case, must be adopted. It by no means follows, because this action differs from ordinary actions in important respects, that it cannot in all others be governed by the rules of practice pertaining to such cases. In fact, the very appearance of appellant here is proof of this view. If not found in the rules of ordinary practice, whence comes his right to move for a new trial? The objection to the statement is sustained." (9 Nev. 47.)

The method of taking appeals, and the questions to be considered thereunder by the appellate court, are matters purely

of statutory regulation. Hayne, in his work on new trials, stating the rule as declared by the supreme court of California upon a statute similar to ours, says: "The insufficiency of the evidence is the ground upon which the motion should be made, where it is claimed that the evidence given called for other findings or a different verdict than were made. It is not the judgment, but the verdict or decision of facts, against which the attack should be directed. It is inexact to say that the judgment is not supported by the evidence. The judgment rests upon the verdict or findings, and the verdict or findings, upon the evidence. The judgment may be supported by the verdict or findings, which may be entirely unsupported by the evidence, and *vice · versa.* When a party considers that the judgment is not supported by the findings or verdict, his only course is to appeal from the judgment. When he desires to test the question whether the evidence supports the verdict or findings, his ordinary course is to move for a new trial under the sixth subdivision, on the ground of the insufficiency of ·the evidence, etc. * * * In the early cases it was held that this rule did not apply to equity cases, in which it was said that the court could review the evidence without a motion for a new trial. But this doctrine was subsequently repudiated, and it was held that the rule applied to equity cases as well as to other actions." (Hayne, New Trials, Sec. 96; *Gagliardo* v. *Hoberlin,* 18 Cal. 396; *Green* v. *Butler,* 26 Cal. 599; *Allen* v. *Fennon,* 27 Cal. 69; *Reed* v. *Bernal,* 40 Cal. 630.)

In *Gagliardo* v. *Hoberlin,* the court said: "It is true, in *Dewey* v. *Bowman,* 8 Cal. 145, it was held that in equity causes no motion for a new trial is necessary; but we have on frequent occasions expressed our disapprobation of that case, and, believing it to be in direct conflict with the statute, it is our duty to overrule it. The legislature intended that the rules of practice should have a uniform operation, and that intention is so expressed as to leave no room for misapprehension. It is the duty of the courts to administer these rules in accordance with the design of the legislature; and any inquiry into the nature of the action is irrelevant and inadmissible. All actions are placed upon the same footing, and the courts have no authority to create distinctions not recognized by the statute. The exercise of such authority cannot be vindicated." The same

rule is announced in *Reed* v. *Bernal*, where the testimony, as in this case, " was wholly recorded and documentary." The question was discussed at great length, and the conclusion arrived at that the practice contended for by appellant was " not authorized, either by the letter or spirit of the Code; and experience has demonstrated that it would lead to the most perplexing results. We announce it, therefore, as a settled rule in this court, that an appellant will not be permitted to allege that the evidence did not justify the judgment, except on an appeal from an order denying a motion for a new trial.

Appellant claims that the rule announced by this court in *Cooper* v. *P. M. Ins. Co.* sustains his views. There the court was called upon to review the evidence for the purpose of determining whether the ruling of the lower court in granting a nonsuit, which raised a question of law, was correct. Lewis, C. J., in delivering the opinion of the court, said: " The questions submitted for decision upon the record are—*First,* whether the evidence is brought up in such a manner that it may be reviewed; and, if so, then, *second,* whether the court below ruled correctly in taking the case from the jury, and nonsuiting the plaintiff. The plaintiff appeals from the judgment alone; no motion for a new trial having been made. A statement on appeal was prepared, which embodied the evidence introduced on behalf of the appellant. * * * Respondent now argues that the inquiry of this court must be confined to the judgment roll alone, as the evidence cannot be considered except where a motion for a new trial has been made. It is true, this court cannot weigh the evidence for the purpose of determining whether a verdict or judgment is sustained by the evidence; but any question of law arising at the trial, and properly excepted to, can be reviewed without a motion for new trial, and in such case so much of the evidence as may be necessary to explain the legal question should be brought up and considered." (7 Nev. 120.) It will be observed from the language quoted that the distinction between that case and this is clearly stated. The rule therein announced, instead of being in appellant's favor, is conclusive against the authority of this court to review the evidence upon an appeal from the judgment alone, for the purpose of determining whether the evidence is sufficient to justify the findings or decision of the court.

In his oral argument, appellant claimed that there was no

evidence in this case to support the judgment, and that it was therefore against law. In *Brown* v. *Brown* the court, in answer to a similar argument, said : "The appeal is brought only upon the judgment roll, to which is annexed a statement on appeal, which * * * presents *in extenso* the evidence taken before the referee, by question and answer ; but not a single exception, or even an objection, appears. The point now made upon the record is that there was no evidence tending to support the findings and decree of the court below. It is conceded by the counsel for the appellant that this court cannot review the evidence, except a motion for a new trial be first made in the court below ; yet it is claimed that a statement on appeal may be made, for the purpose of showing that notwithstanding plaintiff's allegations were fully denied by the answer, there was *no evidence whatever* adduced in support of the complaint, and therefore it was error, in point of law, to have rendered judgment for her." The court examined the evidence for the sole purpose of determining whether or not the statement was true that "no evidence whatever was adduced in support of the complaint." The result was that the court found "some evidence tending to support the conclusion arrived at by the court below," and therefore affirmed the judgment. (41 Cal. 92.) Most of the evidence offered by respondent in this case tended to support his claim ; hence it cannot be consistently urged that upon this ground the judgment is against law.

The case of *Wilson* v. *Cross*, 33 Cal. 67, relied upon by appellant, is essentially different from the case at bar. There, a motion for a new trial had been made and denied in the lower court, and the appeal was taken from the order of the court denying a new trial. The case was therefore properly presented, in the mode provided by the statute, to enable the appellate court to review the testimony ; but objection was made to any review of the testimony, on the ground that there was a substantial conflict of evidence, and the court held that, inasmuch as all the testimony consisted of depositions, the appellate court was as competent to pass upon its weight as the lower court, and upon review thereof, reversed the judgment.

If it be true, as claimed by appellant, that the entire testimony, when carefully weighed and considered, shows that the findings of facts were not sustained by the evidence, and that

upon the testimony the judgment ought to have been rendered in appellant's favor, it was his plain duty to have moved the district court for a new trial, and, if his motion had been refused, he could have appealed from the order denying the new trial, and upon such appeal it would have been the duty of this court, under the rule announced in *Wilson* v. *Cross,* to have reviewed and weighed the testimony, notwithstanding the fact that there was a conflict of evidence. The position which appellant assumes—that he did not want a new trial, and that it would have been useless for him to apply for it—does not justify him in departing from the statutory method of taking appeals. Exceptional cases may, and doubtless often do, arise, wherein it would be an idle and useless ceremony, so far as the action of the lower court is concerned, to move for a new trial. But in all cases where the losing party desires to present his case to the supreme court in such a manner as to enable it to review all the testimony, for the purpose of determining whether or not it is sufficient to sustain the findings or other decision of the district court, he must follow the steps, and walk in the path, upon the plain road marked out by the statute.

In *Sherman* v. *Shaw* we had occasion to state, and here repeat the statement, that "it is as unsatisfactory to the court as it is to counsel (and litigants) to have cases disposed of upon mere questions of practice. But it must be remembered that the rules of practice are as obligatory upon us as upon the parties to a suit; and, if attorneys desire to have their cases examined upon the merits, they must comply with the plain provisions of the statute, and the rules of practice as established by the court." (9 Nev. 152.)

The judgment of the district court is affirmed.