[Civ. No. S. C. 8.  Second Appellate District, Division One.—December 24, 1936.]

B. L. BURROWS, Appellant, v. FRANCES BURROWS, Respondent.

Frederick W. Heath for Appellant.

Daniel A. Knapp for Respondent.

WHITE, J., *pro tem.*—This is an appeal by plaintiff from a judgment denying his prayer for a divorce and granting to defendant on her cross-complaint a decree of separate maintenance at the rate of $30 per month and further ordering payment by plaintiff to defendant of the sum of $150 attorney's fees. The alleged ground of divorce was extreme cruelty of the defendant towards plaintiff, while the former in her cross-complaint urged the same ground, augmented later during the trial, through the medium of an amended cross-complaint, to include the additional grounds of desertion and failure to provide.

It is urged in support of the claim for reversal that certain findings are not supported by the evidence and that the court erred in certain rulings in the matter of the admission and exclusion of evidence. Appellant also asserts as further grounds for reversal that the court erred in awarding any maintenance to defendant under the facts of this case, and that the court was in error in permitting the defendant and cross-complainant to file an amended cross-complaint at the close of the evidence.

As to the question of the sufficiency of the evidence to sustain the findings, we are bound by the well-established rule that the decision of the trial court upon issues of fact is conclusive upon us in so far as there is any substantial evidence tending fairly to support such decision, even though we might think that a different conclusion should have been arrived at. It is suggested, however, that an analysis of the testimony offered by respondent, as shown by the record, makes it appear that some of such evidence, and particularly certain of respondent's testimony and testimony given in corroboration of her evidence, was false. If we assume this claim as to what the record shows to be well founded, it still remains that the rule relied on by appellant is one solely

for the guidance of the trial court and can have no pertinency in an appellate court. The trial court was the exclusive judge of all questions of credibility of witnesses and weight of evidence, and must be assumed to have considered all the evidence in the light of such rules as are laid down by the law for the guidance of court and jury in the determination of questions of fact. ■ It should be borne in mind that the question whether acts and conduct constitute such cruelty as, under the circumstances shown, warrants the granting of a divorce to appellant or of separate maintenance to respondent on the same ground, or the further grounds of desertion and failure to provide, are of such a nature that the conclusion of the trial court is necessarily entitled to great weight; and it is only when it is clear that its decision is without any substantial support in the evidence that it will be disturbed on appeal. In the light of the foregoing it cannot be held that the material findings attacked herein are not sufficiently sustained by the evidence. We feel that no useful purpose would be subserved by a discussion of the evidence given upon the matters embraced in the findings that are attacked by counsel in his brief as being without support. Suffice it to say that we have read the record and that in our judgment the findings have sufficient legal support in the evidence.

■ The trial court did not err in overruling plaintiff's objections to certain questions propounded to defendant and witnesses in her behalf. Appellant's principal complaint in this regard seems to be that the questions were too restricted in their form, but this defect, if such existed, could have been cured by appellant in his cross-interrogatories to and cross-examination of such witnesses; and the record indicates that as to some of these questions the subject-matter thereof was amplified on cross-examination.

■ Appellant's claim that respondent is guilty of laches and should be estopped from setting up the conduct of appellant occurring some ten years or more prior to the filing of the action is without merit, in view of the letters written by appellant to respondent concerning their marital status as late as 1930.

■ Appellant's next ground for reversal is that the trial court was in error when it permitted the filing of an amended cross-complaint after the evidence was closed, which amended

cross-complaint set up two additional grounds, viz., desertion and failure to provide, and asked for $50 additional attorney's fees and $30 per month maintenance, instead of $25 as prayed for in the original complaint. In our opinion there was no error in this procedure, which simply permitted the cross-complainant to amend her cross-complaint to conform to the evidence adduced at the trial. Under the provisions of section 470 of the Code of Civil Procedure the trial court is invested with discretionary power to permit and even to order the pleadings of the parties to be amended at any stage of the trial of the cause, and even after its submission, so as to make such pleadings conform to the proofs; and it has been uniformly held that this discretion will not be interfered with upon appeal except in cases of its manifest abuse. (*Graham* v. *Stewart,* 68 Cal. 374 [9 Pac. 555] ; *Firebaugh* v. *Burbank,* 121 Cal. 186 [53 Pac. 560] ; *Andrus* v. *Smith,* 133 Cal. 78 [65 Pac. 320] ; *Stohlman* v. *Martin,* 28 Cal. App. 338 [152 Pac. 319].) ▋ In the instant case, after the court had permitted the amended pleading to be filed, the plaintiff made no request that the submission of the cause be set aside or that he be permitted to offer further pleadings or proofs respecting the subject-matter of these amendments, and he is therefore in no position now to complain. (*Gartlan* v. *C. A. Hooper & Co.,* 177 Cal. 414, 422 [170 Pac. 1115].) Moreover, with reference to the attorney's fees, appellant specifically stipulated in the trial court that "the question as to attorney's fees may be settled by the court at the time the court decides the case".

There is no other point made in the briefs of counsel for appellant that requires notice here.

▋ The attempted appeal from the order by which appellant's motion for new trial was denied is dismissed, since there is no appeal authorized from that order on facts such as these. The judgment appealed from is affirmed.

York, Acting P. J., and Doran, J., concurred.