[Civ. No. 2666.   Fourth Dist.   Mar. 18, 1942.]

ROYAL INSURANCE COMPANY, LTD. (a Corporation), Appellant, v. ROY G. MAZZEI et al., Defendants; HARRY E. ABRAHAM, Respondent.

Arthur C. Shepard and Richard V. Aten for Appellant.

Claflin, Dorsey & Campbell, Wild & Carlson, R. H. Reeve and R. F. Maxwell for Respondent.

GRIFFIN, J.—This is an appeal from a judgment of dismissal entered in favor of respondent Harry E. Abraham, after his demurrer to the third amended complaint was sustained without leave to amend, appellant having declined to further amend. The defendants, other than Abraham, did not demur and the judgment does not mention them.

The material allegations of the third amended complaint are that on October 27, 1939, defendant Harry E. Abraham owned and operated a cotton gin and yard; that at that time he had in his possession, in storage, 30 bales of cotton owned by R. G. Hamilton & Company and insured against fire loss by plaintiff and appellant Royal Insurance Co., Ltd.; that defendant Roy G. Mazzei, a common carrier and independent contractor, on behalf of R. G. Hamilton & Company, paid defendant Abraham the storage charges due on said cotton and loaded the cotton onto his truck; that in leaving respondent's place of business Mazzei traveled on a road through the cotton gin yard maintained by respondent for use by cotton trucks entering and leaving the yard; that Mazzei's truck was equipped with an immovable hoist extending 12 feet, 11 inches above the road bed; that respondent knew the foregoing facts and that all cotton trucks were equipped with such hoists extending to that height and higher; that, nevertheless, he was at that time negligently maintaining three electric wires crossing said road at a height of approximately 12 feet; and that *the failure to give warning* of the position of said wires was a proximate cause of the damage. The complaint then recites that the hoist on Mazzei's truck came into contact with the wires and the electricity ignited the cotton, damaging it to the extent of $1,104.40; that appellant paid this sum to R. G. Hamilton & Company under the fire insurance policy and the claim for damage to the cotton was assigned to appellant. As to the respondent, there is no allegation that the three electric wires constituted a latent and obscure danger, and that the invitor had knowledge thereof and failed to warn the invitee of such danger. On the other hand, the complaint in the same cause of action, as against the common carrier, recites that they "negligently failed to observe the position of said wires prior to the time said wires were struck by said hoist" and that said negligence was a proximate cause of the damage.

The trial court held, in sustaining the demurrer, that the alleged negligence of respondent, if any, in failing to give

any warning of the position of the wires, was a remote cause and not a proximate cause of the accident; that the complaint affirmatively showed that there was no breach of duty by respondent in this respect and therefore no negligence was alleged as to him; that the complaint affirmatively showed that the negligence of the defendant Mazzei was the superseding and sole cause and that the alleged negligence of the respondent was a remote cause, if any, which was superseded by the negligence of defendant Mazzei, in failing to see a danger that would have been obvious in the exercise of ordinary care.

Under the allegations of the amended complaint defendant Mazzei was a business invitee upon the land of respondent and as such business invitee Mazzei had the cotton owned by appellant's assignor in his possession and under his exclusive control when the cotton was damaged. The duties owed to chattels in the possession of a business invitee are the same as the duties owed to the business invitee personally. (Restatement of the Law of Torts [Am. Law Institute], sec. 497.) California authorities are in accord with this rule. (California Annotations to the Restatement of the Law of Torts, sec. 497.) Since the respondent landowner owed the same duties toward the chattels in defendant Mazzei's possession as he owed to Mazzei personally, and since Mazzei was a business invitee, the duties here involved are those of landowner to business invitee. For the purposes of this opinion it may be assumed that Mazzei was a business invitee upon the premises of respondent. The rule is well established that in such a case the owner of the premises is not an insurer but that he owes a duty of ordinary care to see that the premises are reasonably safe. Among other things, the invitor is under the obligation to warn the invitee *of any dangers of which he has knowledge and which are not readily apparent to the eye.* There is no such duty where the dangers are obvious or as well known to the invitee as to the owner of the premises. There is no obligation to give a warning of an obvious danger or one which should have been perceived by the invitee through ordinary use of his own senses. (*Ambrose* v. *Allen,* 113 Cal. App. 107 [298 Pac. 169]; *Blodgett* v. *B. H. Dyas Co.,* 4 Cal. (2d) 511 [50 Pac. (2d) 801]; *Mautino* v. *Sutter Hospital Assn.,* 211 Cal. 556 [296 Pac. 76]; *Vitrano* v. *Westgate Sea Products Co.,* 34 Cal. App. (2d) 462 [93 Pac. (2d) 832].) Such an owner

is entitled to assume that such invitee will perceive that which would be obvious to him upon the ordinary use of his own senses. He is not required to give to the invitee notice or warning of an obvious danger. (*Shanley* v. *American Olive Co.*, 185 Cal. 552 [197 Pac. 793].)

Respondent cites *Hayden* v. *Paramount Productions, Inc.*, 33 Cal. App. (2d) 287 [91 Pac. (2d) 231]. That case involved the duty of a landowner to an innocent business invitee with reference to electric high power tension wires maintained on the premises. The facts are similar to the case at bar with the exception that personal injuries resulted to an innocent third party rather than injury to his goods, and the cause of the injury was due to a crane contacting an *electric high tension power line* on a leaning pole. The action was to recover for personal injuries alleged to have been sustained through the negligence of respondent as a landowner. The other defendant, City of Los Angeles, maintained an electric power line over property belonging to respondent owner. The line sagged to some extent due to a leaning pole. A building was being erected on that property and the steel in that building was being placed, through use of a crane, by an independent contractor. The independent contractor was not made a party to the action. The plaintiff and appellant was an employee of the independent contractor. The crane was operated by a fellow employee. While the appellant was guiding a column of steel being carried by the crane, his fellow employee caused the boom of the crane to come into contact with one of the city's high tension wires and the innocent appellant was injured, receiving an electric shock and burns. The trial court granted a nonsuit at the close of appellant's evidence, and the judgment of dismissal was affirmed. The appellant sought to impose liability on the landowner, Paramount Productions, Inc., on the ground that it exercised control over the power line of the city by refusing to permit the city to replace the leaning pole with a taller pole, and was *negligent in so maintaining the wires* and *failing to give warning of the danger*. On this point, i. e., negligence of the landowner toward the innocent business invitee, the appellate court held that even assuming that the landowner controlled the wires, still there was no breach of duty and no negligence on its part *as the wires were open to view and presented an obvious danger*. The court said:

"It was not incumbent upon Paramount to warn appellant of any danger, because the high voltage wires were open to view and presented a patent danger by reason of common knowledge of the fact that power lines such as the one here in question are dangerous instrumentalities, and ordinary prudence dictates that one situated as were appellant and his fellow employees should refrain from exposing himself to the danger occasioned by contact with such wires. (Citing cases) . . . Respondent Paramount . . . having exercised ordinary care in its conduct, thereby discharged its obligation as an invitor to the appellant invitee."

In the instant case the respondent landowner owed no greater duty to appellant's assignor's goods carried by the business invitee Mazzei than he owed to Mazzei personally, or would have owed to appellant's assignor had he been personally present as a business invitee. (*Hayden* v. *Paramount Productions, Inc., supra.*)

It becomes apparent from the pleadings that appellant predicates its cause of action against respondent Abraham upon the theory that the electric wires were not maintained at a sufficient height to allow the safe passage of the invitees in similar trucks similarly loaded upon the premises, and that the respondent negligently *failed to give any warning* of the position of the wires and that such failure was a proximate cause of the damages. Appellant apparently predicates its cause of action against the *common carrier* set forth in the same count, not upon this ground, but upon the ground that the wires were and the danger therefrom was, apparent to any person using reasonable care, and that the *common carrier* failed to exercise such care. Appellant recognizes these inconsistent theories of liability between the respondent and the common carrier because it alleges that it "is in doubt as to whether it is entitled to redress from the defendant Abraham or from the defendant Mazzei" or both.

Inconsistent causes of action may be pleaded *in separate counts* where the pleader thinks it desirable so to do, as where the exact nature of the facts is in doubt, or when the exact legal nature of plaintiff's right and defendant's liability depends on facts not well known to the plaintiff. An election of remedy under these circumstances cannot be forced. (*Tanforan* v. *Tanforan*, 173 Cal. 270 [159 Pac. 709]. To hold the respondent owner liable, then, it would have to be alleged in the count charging him with such negligence that there

was a danger attending upon the entry by a business invitee, and that such danger arose from causes or conditions not readily apparent to the eye, and that such danger would or should have been known to the invitor by the exercise of reasonable diligence, and not to the invitee. It would then be the duty of the owner to give such invitee reasonable notice or warning of such danger if the dangerous condition was known or should have been known to the owner and not to the invitee. The owner was not required to give to the invitee notice or warning of an obvious danger. (*Shanley* v. *American Olive Company, supra; Mautino* v. *Sutter Hospital Assn., supra; Dingman* v. *A. F. Mattock Co.,* 15 Cal. (2d) 622 [104 Pac. (2d) 26].)

As to the respondent, the complaint fails to allege that there was a dangerous known condition not readily apparent to the eye, and that the dangerous condition was known to the invitor and not to the invitee. Whether the electric wires in the instant case were hidden from view by foliage or for some other reason were not open to view and not clearly visible to the eye, cannot be determined by the pleadings in so far as this respondent is affected. The only allegation in this respect would indicate that the wires were open to view and clearly visible. The presumptions are against the pleader.

Upon appeal from a judgment entered after refusal to amend a complaint after a demurrer is sustained, in support of the judgment of the trial court it is presumed that the pleader has stated his case as strongly as it can be stated in his favor, and all ambiguities and uncertainties must be resolved against the pleader. (*McIntyre* v. *Hauser,* 131 Cal. 11 [63 Pac. 69] ; *Higgins* v. *Security Trust etc. Bank,* 203 Cal. 398 [264 Pac. 744] ; *Hauser* v. *Pacific Gas & Electric Co.,* 133 Cal. App. 222 [23 Pac. (2d) 1068].) Many of appellant's cited cases were actions against a power company for maintaining its high-voltage lines over or across public highways or agricultural lands. In those cases it has been held that the failure of the company to maintain the wires at a height less than that height required by the Railroad Commission or ordinance was negligence *per se.* (*Stasulat* v. *Pacific Gas & Electric Co.,* 8 Cal. (2d) 631 [67 Pac. (2d) 678] ; *Howell* v. *San Joaquin Light & Power Corp.,* 87 Cal. App. 44 [261 Pac. 1107] ; *Fairbairn* v. *American River Electric Co.,* 179 Cal. 157 [175 Pac. 637].) In the instant case there is no allegation that the wires were maintained in vio-

lation of law or of a ruling or regulation of the Railroad Commission. The legal duty of respondent to maintain the wires at any particular height is not shown. The presumption that respondent was not guilty of a violation of law is against the pleader. (Sec. 1963, subd. 1, Code Civ. Proc.) *Hauser* v. *Pacific Gas & Electric Co., supra,* presented a similar question to the one here involved. There the facts gathered from the pleadings show that the defendant company maintained a pole line carrying high tension wires along a certain lane and across a yard or corral. Plaintiff, with the permission of the owner and lessee, went upon the lands to move a hay derrick. He hitched his horses to the derrick and was moving the derrick across the corral when the boom thereof came in close proximity to the electric wire, and the electricity arced across the intervening space and thence into the body of plaintiff. The complaint alleged the negligence as follows: "... was moving and conveying the same (derrick) across the aforementioned yard . . . toward the . . . power line when, because of defendant's carelessness, recklessness and negligence in maintaining the aforesaid wires within dangerous proximity and at an insufficient height from the ground and failing to insulate same the boom came in close proximity . . . and as a result thereof . . ." that "the contact was caused solely and due to the negligence of the defendant in the maintenance of said power line" and "that as a result of defendant's carelessness . . . plaintiff received a severe electric shock" and also, "as a further result of defendant's carelessness" etc., plaintiff required the attendance of a physician. The court said, in sustaining an order for judgment on the pleadings: "It is obvious that all of the foregoing allegations are as to the cause of the injury, leaving the fact of negligence to inference and innuendo." (Citing cases.) It then said: "Examining the present complaint further, we find no allegation of any duty owed by defendant to plaintiff nor . . . that plaintiff unwittingly nor accidentally came in contact with wires negligently maintained. . . . If there were an allegation that the wires were maintained in violation of law or of a rule or regulation of the Railroad Commission, then the law would impose the duty. No such allegation is here found except by recital that the wires were maintained 'in dangerous proximity' and at 'an insufficient height' above the ground. Such words are meaningless as allegations of fact and are averments of the opinion of the pleader only."

In support of the trial court's ruling respondent not only advances the contention that appellant did not plead any act of negligence of respondent, but if there was one pleaded that such act of negligence was a remote cause and not a proximate cause of the accident.

The governing rule is stated in 45 C. J., page 931, sec. 491 (referred to in *Hauser* v. *Pacific Gas & Electric Co., supra*), as follows:

"A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, and efficient cause of the injury, even though such injury would not have happened but for such condition or occasion. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause. And if an independent negligent act or defective condition sets into operation the circumstances which result in injury because of the prior defective condition, such subsequent act or condition is the proximate cause."

In *Hauser* v. *Pacific Gas & Electric Company, supra,* it was held that the contact with the wire was the deliberate act of the plaintiff with full knowledge of all of the circumstances; that the pleading brought the plaintiff within the rule above quoted and that from the complaint it appeared that plaintiff knew of the dangerous character of the wires and their exact location and condition and deliberately moved a derrick into them and was injured; and that from the foregoing it appeared that the complaint and amended complaint failed to set forth any cause of action. The amended complaint in the instant action was similarly defective as to respondent Harry E. Abraham.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing was denied April 16, 1942.