[Civ. No. 15100. Second Dist., Div. Two. May 2, 1946.]

BENNYE L. SANDVOLD, Respondent, v. PAUL PERROT et al., Appellants.

Charles V. Barfield, Franklin A. Plank and A. H. Brazil for Appellants.

J. Emmet Chapman and Frederick C. Dewar for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover damages for personal injuries received while she was seated at the bar of a cocktail lounge owned by defendant Perrot in which defendant Taft was employed as head bartender, defendants appeal.

The evidence being viewed in the light most favorable to plaintiff (respondent), the essential facts are these:

February 6, 1942, plaintiff entered defendant Perrot's cocktail lounge. There was an opening in the bar counter for the purpose of affording the employees ingress and egress to and from the usual working area behind the bar counter. At the top of this opening there was a counter-flap or hinged horizontal door which was raised to permit the entrance to or from the space behind the bar. The hinges were on the right side (as one faced the bar) of this door. When this door was closed it was firmly held in place and presented a secure, continuous counter, level with the rest of the bar counter, standing 3 feet 9 inches from the floor. This horizontal door was 26 inches long and 20 inches wide, the same width as the rest of the bar. It was one inch thick and of mahogany. In the opening below this horizontal door there was a smaller swinging door or gate, hinged at the same right side of the opening as the horizontal door. On the inside of the bar counter, just to the right of this opening (as one faced the bar) there was a French style telephone about six inches below the top of the bar.

Plaintiff seated herself at the bar just to the right of the hinged door. Defendant Taft served her a Tom Collins. Shortly thereafter another customer, Mr. Woods, standing to the left of plaintiff requested the use of the telephone. Defendant Taft laid the telephone on the top of the door which was down in its normal secure position on a level with the rest of the bar. It was customary to permit customers to use the telephone. Mr. Woods, not being able to get the telephone operator, raised the horizontal door for the purpose of ''jiggling'' the telephone hook. As he did so the door fell on and broke the glass around which plaintiff had her hand, causing her personal injuries.

Defendant relies for reversal of the judgment on two propositions which will be stated and answered hereunder seriatim:

■ First: *There is not any substantial evidence to sustain the trial court's findings that (a) defendants were negligent and (b) such negligence was the proximate cause of the injury to plaintiff.*

This proposition is untenable. Witnesses gave direct testimony as to each of the facts set forth above including testimony of defendant Perrot that his codefendant was the ''head bartender.'' ■ The law is settled that negligence is a question of fact for the determination of the trier of fact whose

finding supported by substantial evidence is binding upon an appellate court. (*McWane* v. *Hetherton,* 51 Cal.App.2d 508, 511 [125 P.2d 85].)

 The evidence shows that plaintiff was not familiar with the bar or its surroundings and did not have knowledge of the trap door in the bar or of its operation; that such door was used by defendants as a means of ingress and egress from behind the bar. They should have known that the trap door which was without any catch or stop could fall back on the counter causing injury to an unsuspecting patron sitting within its reach.

It is therefore evident that the finding of the trial court that defendants were negligent in maintaining the trap door without proper safeguards to prevent its falling is reasonable and finds substantial support in the evidence and that such negligence was the proximate cause of plaintiff's injury. This being true it is immaterial that another patron rather than defendant raised the door, since it was the maintenance of the door in an unsafe condition that constituted the negligence and not the act of raising the door.

*Royal Insurance Co.* v. *Mazzei,* 50 Cal.App.2d 549 [123 P.2d 586], cited by defendants was expressly overruled by the Supreme Court in *Mosely* v. *Arden Farms Co.,* 26 Cal.2d 213, 220 [157 P.2d 372].

*Schmidt* v. *Bauer,* 80 Cal. 565 [22 P. 256, 5 L.R.A. 580]; *Wills* v. *J. J. Newberry Co.,* 43 Cal.App.2d 595 [111 P.2d 346]; *Worcester* v. *Theatrical Enterprises Corp.,* 28 Cal.App. 2d 116 [82 P.2d 68]; *Olson* v. *Whitthorne & Swan,* 203 Cal. 206 [263 P. 518, 58 A.L.R. 129]; *Schwerin* v. *H. C. Capwell Co.,* 140 Cal.App. 1 [34 P.2d 1050]; *Hicks* v. *Scott,* 48 Cal. App.2d 481 [120 P.2d 107]; *Klarquist* v. *Chamberlain & Proctor,* 124 Cal.App. 398 [12 P.2d 664]; *Hayden* v. *Paramount Productions, Inc.,* 33 Cal.App.2d 287 [91 P.2d 231]; *Polloni* v. *Ryland,* 28 Cal.App. 51 [151 P. 296]; *Stasulat* v. *Pacific G. & E. Co.,* 8 Cal.2d 631 [67 P.2d 678]; *Hauser* v. *Pacific G. & E. Co.,* 133 Cal.App. 222 [23 P.2d 1068], cited by defendants are all factually distinguishable from the instant case. No useful purpose will be served by pointing out the distinction, it being evident from a reading of the cases that they are not here in point.

 Second: *The trial court committed error in permitting plaintiff to amend her complaint to conform to the proof.*

This proposition is likewise untenable. The complaint was tried upon the allegation that defendant Taft negligently dropped the trap door upon plaintiff. After the case was submitted plaintiff was permitted to amend her complaint to conform to the proof by adding a second cause of action, namely:

## "II

"That the said cocktail lounge, cafe and restaurant of the Defendants, situated and located as aforesaid, was, at the time of the commission of the grievances hereinafter mentioned, for a long time prior thereto, and still is, open to the general public for the purpose of carrying on the business aforesaid, and during the regular business hours of said Defendants the doors of said cocktail lounge, cafe and restaurant were open with invitation to the public and its customers to enter, partake of refreshments, and to deal with said Defendants, and it then and there became the duty of said defendants, its employees, and servants, to have and keep the said cocktail lounge, cafe and restaurant in a reasonably safe and proper condition, so that any person or persons entering said cocktail lounge, cafe and restaurant, while open for the conduct of its said business, would be protected from injury to life or limb while therein. But notwithstanding this duty imposed upon said defendants, plaintiff, on or about the 6th day of February, 1942, while on the defendants' said cocktail lounge in the Anderson Hotel as aforesaid, as a customer, not knowing of the unsafe and dangerous condition of said cocktail lounge, which unsafe and dangerous condition the defendants well knew or should have known, and without any carelessness or negligence on the plaintiff's part, while plaintiff was served a cocktail and was seated at the bar of said cocktail lounge at or near the trap door hereinabove described, was suddenly and without notice to her from the defendants, or anyone else, struck by said trap door, which was absolutely unguarded, falling over and upon said bar and the right hand of the plaintiff, causing the cocktail glass in her hand to be crushed and shattered, and severely injuring the right hand of said plaintiff.''

The law is settled that the trial court may permit an amendment to a complaint to conform to the proof at any stage of the trial even after submission of the cause unless the amendment introduces a new and independent cause of

action. (*Burrows* v. *Burrows*, 18 Cal.App.2d 275, 279 [63 P.2d 1135]; *Union Lumber Co.* v. *J. W. Schouten & Co.*, 25 Cal.App. 80, 82 et seq. [142 P. 910].)

In the instant case the original complaint was predicated upon injuries received by plaintiff due to the negligence of defendants. The amendment to the complaint does not state a new or different cause of action. It is a cause of action for damages based on injuries sustained by plaintiff while on the premises of the defendants due to their negligence.

It does not constitute a new and different cause of action where the new count is consistent with the former count or counts, that is, of a like kind of action and might have been originally joined with the other count or counts. It is not a new and independent cause of action where it is only a variation of form demanding the same thing. (*Union Lumber Co.* v. *J. W. Schouten & Co., supra.*) The amendment permitted in this case clearly falls within the foregoing rule of being simply a variation of the form of demanding redress for the same wrong.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied May 21, 1946, and the following opinion then rendered.

McCOMB, J. Defendants' contention that they were prejudiced by the trial court's permitting an amendment to the complaint to conform to the proof is without merit. The trial court permitted the complaint to be amended to conform to the proof after the cause was submitted. Had defendants desired to introduce any further or additional evidence because of the amendment, they should have either asked permission of the court to reopen the case for reception of additional evidence or have moved for a new trial upon the ground that the court erred in permitting the amendment. Having failed to follow either course, they are foreclosed from urging the objection for the first time on appeal.

The petition for a rehearing is denied.

Moore, P. J., and Wilson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 27, 1946.