[Civ. No. 16696.   Second Dist., Div. Three.   June 27, 1949.]

LEON FERRELL, a Minor, etc., Appellant, v. LAURENCE MATRANGA, Respondent.

Blanche & Fueller for Appellant.

Parker, Stanbury & Reese and Harry D. Parker for Respondent.

VALLÉE, J.—Plaintiff, a minor 3½ years of age, appeals from a judgment for defendant after a verdict by a jury in an action for damages for personal injuries.

On December 15, 1945, at about 10:30 a. m., defendant was driving a Buick automobile in an easterly direction on Wood Avenue, in a residential section of Los Angeles. He was traveling at a speed of about 15 to 20 miles an hour when suddenly, approximately in the middle of the block, he heard a scream which came from his left, or the north side of the street. He glanced in that direction and saw plaintiff's mother run from the north sidewalk. At about that instant he heard ''a little thump'' which seemed to come from the right front of his car. He immediately brought the car to a stop. Not knowing what ''he hit or what had hit him,'' he got out of the car and started toward the rear. There he saw the infant-plaintiff and his mother, who ''already had the little boy in her arms.'' Plaintiff's mother said to him, ''It isn't your fault. I should never have called him.'' Defendant's car did not run over plaintiff. Defendant testified that: he was looking straight ahead all the time he was driving; he did not see the plaintiff before the impact; after the impact he did not swerve his car either to the right or left; he saw two other children after the accident standing ''in back of that lot there where the fence was.'' The fence he referred to was a 4-inch picket fence which ran north and south from the sidewalk on the south side of Wood Avenue just west of the point of impact. It was about 38 inches high for about 7 or 8 feet, then it rose to about 4 feet in height. Defendant was asked whether the fence obstructed his view and he replied that it did. Pictures of Wood Avenue in the immediate vicinity where the accident occurred, showing the fence, driveways, sidewalks and surrounding residences, were introduced in evidence. The impact occurred some 10 feet of the fence. After the impact, defendant's car traveled about ''Two car lengths, approximately 30 feet'' from the point where he heard the ''thump.'' There was no damage to, nor any brush marks on, the car. One of the police officers who investigated the accident shortly thereafter testified that defendant's car was headed in an easterly direction approxi-

mately 6 or 7 feet from the south curb. He was unable to determine the point of impact as there were no skid marks or tire marks on the street. He also testified that he heard plaintiff's mother say "it was her fault, that she had called the boy."

Appellant contends that the evidence established that defendant was negligent as a matter of law in failing to see plaintiff and argues that plaintiff must have been "in or near the street immediately prior to the accident . . . and defendant should have seen the plaintiff during the time necessary to travel the last 100 feet before the accident. For the defendant to look in such a fashion and fail to see what is in plain sight is to look without a reasonable degree of care, and if defendant's looking was done in such a negligent manner, he may as well not have looked at all." ▮ The question of negligence is generally one of fact for the jury, and its finding thereon, if supported by substantial evidence, is binding upon a reviewing court. ▮ It is only when there is no substantial conflict as to the facts, and from the facts reasonable persons can draw only the inference that a defendant was negligent, that the reviewing court will disturb the verdict of the jury rendered in favor of a defendant. (*Collas* v. *Pasadena City Lines*, 89 Cal.App.2d 93, 95 [200 P.2d 77].)

▮ There is a decided conflict generally in the evidence and specifically with respect to the position of plaintiff, both before and after the accident, and as to the point of the impact. The jury was the sole judge of the weight of the evidence and of the credibility of the witnesses and the determination of whether defendant was negligent was solely within its province. By its decision the jury impliedly found that the defendant was operating his automobile in a careful and prudent manner and did not see plaintiff because he was not in view. This conclusion is amply supported by substantial evidence from which the jury could reasonably have inferred that the presence of the infant-plaintiff was obscured by the picket fence and that he suddenly darted out into the street in answer to his mother's call.

▮ Plaintiff complains that the court erred in refusing an instruction reading, "Concerning the defense of contributory negligence that has been raised in this case, I instruct you that the law conclusively presumes that a child the age of the plaintiff child, that is three and one-half (3½) years, is incapable of contributory negligence. Hence you need not consider that defense." While contributory negligence on

the part of plaintiff was pleaded in the answer, this defense was waived at the beginning of the trial and it was conceded that the infant-plaintiff was too young to be guilty of negligence. Under these circumstances, and in view of the fact that the jury was otherwise fully and correctly instructed, the refusal to give the instruction does not constitute prejudicial error. The jury was told that the issues it was to determine were: (1) was the defendant negligent, (2) if so, was that negligence the proximate cause of any injury to plaintiff, and (3) if so, the damage, if any. The other instructions of which appellant complains were predicated on the evidence, are correct statements of the law and were therefore properly given.

In view of the jury's verdict in favor of defendant, the question of the exclusion of testimony relative to medical and hospital expenses paid by plaintiff's father and pleaded as an item of special damages by plaintiff, is immaterial.

Judgment affirmed.

Shinn, P. J., and Wood, J., concurred.