[Civ. No. 4663.   Fourth Dist.   Mar. 1, 1955.]

VINCENT SQUILLANTE, Appellant, v. E. L. BARR et al.,
Respondents.

176

John D. Chinello and Lawrence E. Viau, Jr., for Appellant.

Stammer, McKnight & Barnum, Ray W. Hays and James N. Hays for Respondents.

MUSSELL, J.—This is an action to recover damages for personal injuries suffered by plaintiff as the result of a fall from a truck loaded with boxed grapes. The truck had been driven up to a loading platform at the packing plant of defendant Barr Packing Company. Plaintiff was a fruit shipper and buyer and on September 8, 1950, was at the packing plant to inspect grapes which he was buying through the Barr Company. Defendant Rodney Epps, who was the foreman at the plant, was talking with the plaintiff when he saw the truck approaching the loading platform. Epps remarked to plaintiff that these were some of the grapes he would be getting and asked plaintiff if he would like to look at them. Plaintiff stated that he would and they proceeded to the truck which had been stopped so that the bed of the truck was approximately level with and along the side of the loading platform. Defendant Allen, who was driving the truck for the owner (defendant Weber) got out of the cab on the driver's side and proceeded along that side of the truck to the rear, where he loosened the two ropes holding the loaded boxes in place. These boxes were in 3 tiers and 11 boxes high and the total height from the bed of the truck to the top of the boxes was 6½ feet. The two ropes were fastened to the front of the bed of the truck, one on each side of the cab, extended up over the outer tiers of the loaded boxes and were secured by devices on the

rear of the truck by which they were held taut.. Epps did not see Allen go to the rear of the truck and climbed up on a platform back of and on top of the cab where he could see the grapes in the top boxes. This platform was accessible by means of three steps attached to the bulkhead at the rear of the cab and it was not necessary to use the rope to climb up to the platform. When Epps climbed up, he put his feet on the steps and held onto the top of the bulkhead. He testified that when he had been on the platform for approximately one minute, plaintiff attempted to follow him up; that plaintiff put his foot on the steps, took hold of the rope and when he had climbed high enough to reach the top box on the load, he grabbed the box and fell to the loading platform and then to the ground. Plaintiff testified in this connection that Epps went up on the truck first and he, plaintiff, followed; that they were on top of the load for a while inspecting the grapes and after Epps had climbed down, he, plaintiff, started to come down, holding himself on the rope; that when he was about the middle of the second step, "down I went, and it is all I remember."

Plaintiff had been in the grape business for 40 years and had been up on a similar truck before. He admitted that he knew that the ropes had to be loosened before the grapes were unloaded and that he made no attempt to see where the driver of the truck was before he attempted to go up on the truck and did not see Allen leave the truck.

There is substantial evidence showing that when defendant Allen drove the truck up to the loading platform, plaintiff and Epps were engaged in conversation inside the packing shed; that as Allen drove up, he saw plaintiff and Epps standing in the doorway; that he did not know plaintiff; that neither plaintiff nor Epps spoke to him and that he did not know that they had climbed up no the truck before the accident happened; that approximately two minutes elapsed from the time that Allen stopped his truck before the plaintiff fell.

A jury trial was had resulting in a verdict for all defendants and plaintiff appeals from the judgment entered in accordance with this verdict. Appellant first contends that the evidence established as a matter of law that at the time of the accident plaintiff was a business visitor or invitee on the Barr premises and on the Weber truck, and he was prejudiced by instructions which permitted the jury to find otherwise. Appellant admits that the jury was correctly

instructed on the law of business visitors and business invitees but argues that the court erred in instructing the jury, at the request of Allen and Weber, on the law pertaining to trespassers. It is not contended that these instructions did not correctly state the law but it is argued that they should not have been given because plaintiff was an invitee on the truck as a matter of law. ■ However, it was the contention of defendants Allen and Weber that plaintiff climbed up on the truck without their permission, consent or knowledge and there was substantial evidence to support that contention. Weber was not at the packing plant when the accident occurred. He did not know the plaintiff and had never seen him or given him permission to go onto the truck involved. While Allen saw plaintiff talking to Epps in the doorway of the packing plant, he did not give plaintiff permission to go onto the truck and did not know that he had done so until after the accident. Defendants Weber and Allen were entitled to have these instructions given based on their theory of the case since there was substantial evidence to support it. (*Ritchey* v. *Watson*, 204 Cal. 387, 390 [268 P. 345]; 10 Cal.Jur. 10-Yr. Supp., p. 699, § 92.) The question of whether plaintiff was an invitee or trespasser was one of fact for the jury. (*Boucher* v. *American Bridge Co.*, 95 Cal.App.2d 659, 666 [213 P.2d 537].)

Appellant next asserts that the evidence established as a matter of law that defendants Barr and Epps were guilty of negligence proximately causing or contributing to the accident, and plaintiff was prejudiced by an instruction which submitted an issue of unavoidable accident to the jury. We cannot agree with this contention. ■ "The question of negligence is generally one of fact for the jury, and its finding thereon, if supported by substantial evidence, is binding upon a reviewing court. It is only when there is no substantial conflict as to the facts, and from the facts reasonable persons can draw only the inference that a defendant was negligent, that the reviewing court will disturb the verdict of the jury rendered in favor of a defendant." (*Ferrell* v. *Matranga*, 92 Cal.App.2d 620, 622 [207 P.2d 654].) ■ Defendant Barr as owner of the packing plant was not an insurer of the safety of the plaintiff but owed him the duty to exercise reasonable care in keeping the premises safe for his invitee, and as was said in *Girvetz* v. *Boys' Market, Inc.*, 91 Cal.App.2d 827, 829 [206 P.2d 6]:

"To impose liability for injuries suffered by an invitee due

to the defective condition of the premises, the owner or occupier 'must have either actual or constructive knowledge of the dangerous condition or have been able by the exercise of ordinary care to discover the condition, which if known to him, he should realize as involving an unreasonable risk to invitees on his premises. His negligence in such cases is founded upon his failure to exercise ordinary care in remedying the defect after he has discovered it.' (Citing cases.) Whether, under all the circumstances, the defective condition had existed long enough so that a reasonable man exercising reasonable care would have discovered it, is ordinarily a question of fact to be decided by the jury.'' (Citing cases.)

The evidence here is that Epps did not discover that Allen had loosened the ropes until after the accident happened and where, as here, the danger was as obvious or as well known to plaintiff as to Epps, there was no obligation to give warning of an obvious danger or one which should have been perceived by the plaintiff. (*Royal Ins. Co.* v. *Mazzei,* 50 Cal.App.2d 549, 552 [123 P.2d 586].) There was a conflict created by the evidence as to whether defendants should have had knowledge of the danger and should have warned plaintiff or whether the condition was or should have been obvious to appellant. As was said in *Curland* v. *Los Angeles County Fair Assn.,* 118 Cal.App.2d 691, 695 [258 P.2d 1063] :

''Where different inferences may reasonably be drawn from the evidence, the decision on the questions of negligence and contributory negligence must be left to the trier of fact. The conclusion of the jury will not be disturbed on review if some substantial evidence or reasonable inference lends support thereto. (*Nichols* v. *Mitchell,* 32 Cal.2d 598, 606 [197 P.2d 550].)''

Under the circumstances here shown the question of the negligence of defendants, if any, was one of fact for the jury. The defense of unavoidable accident was set forth in the answer of defendants Barr and Epps and is nothing more than a denial by them that their negligence, if any, was the proximate cause of plaintiff's injuries and an instruction on this subject was properly given under the circumstances shown by the record. (*Parker* v. *Womack,* 37 Cal.2d 116, 120-121 [230 P.2d 823].)

Appellant further contends that the evidence established as a matter of law that contributory negligence was not a

proper issue in the case, and plaintiff was prejudiced by instructions which submitted an issue of contributory negligence to the jury. This argument is without merit. Contributory negligence as a matter of law can only be found where reasonable minds cannot but conclude that a reasonably careful and prudent person situated as was plaintiff would not have acted as he did. If the circumstances are such that reasonable minds can differ, or, if the evidence is in conflict, the finding of the trier of the facts is conclusive. (*Dickison* v. *LaThorpe*, 124 Cal.App.2d 190, 193 [268 P.2d 164].) In the instant case the jury could reasonably draw an inference of contributory negligence from plaintiff's own testimony as he stated that he had been in the business for 40 years; that he had been on similar trucks; that he knew that the truck was to be unloaded and that to do so, the ropes had to be loosened; that he made no attempt to see where the truck driver had gone and did not look to the back of the truck. The evidence further shows that it was not necessary in climbing up onto the platform to use the ropes involved.

Finally it is argued that the trial court erred in instructing the jury on the issue of assumption of risk. This contention is likewise without merit. It is not argued that the law applicable is not correctly stated but it is claimed that the record is devoid of evidence that would support a finding that plaintiff voluntarily accepted a risk with knowledge and appreciation of the risk. Since there was substantial evidence to support a finding upon this issue, there was no reversible error in giving the criticized instruction.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied March 22, 1955, and appellant's petition for a hearing by the Supreme Court was denied April 27, 1955. Carter, J., was of the opinion that the petition should be granted.