[Civ. No. 4994. Fourth Dist. Apr. 18, 1956.]

MIKE CUCUK, Appellant, v. BILL DEAN PAYNE et al., Respondents.

Lawrence W. Young and James C. Janjigian for Appellant.

Hansen, McCormick, Barstow & Sheppard for Respondents.

CONLEY, J. pro tem.*—Plaintiff was severely injured while crossing Tulare Street at "R" Street in the city of Fresno, when he was struck by an automobile driven by Bill Dean Payne and owned by William A. Payne. The jury brought in a verdict for the defendants and plaintiff appeals.

Appellant first claims that the verdict was based on incredible testimony which was "contrary to the laws of nature"; secondly, that certain instructions given by the court were erroneous; and thirdly, that the court erred in refusing some of plaintiff's proposed instructions.

On the first point, our inquiry must be limited to a determination as to whether the jury's verdict is supported by substantial evidence. Needless to say, inherently improbable testimony is not substantial evidence. It is neither the duty nor the right of an appellate court to resolve conflicts in the evidence, pass on the credibility of witnesses or determine as to any issue where a preponderance of the evidence lies. These are all matters to be decided by the trier of facts in the court below. (*Pfingsten* v. *Westenhaver*, 39 Cal.2d 12, 19 [244 P.2d 395] ; *Chan* v. *Title Ins. & Trust Co.*, 39 Cal.2d 253, 258 [246 P.2d 632] ; *Rose* v. *Melody Lane*, 39 Cal.2d 481, 487 [247 P.2d 335].) As is said in *Estate of Trefren*, 86 Cal.App.2d 139, 142 [194 P.2d 574] :

". . . (t)he power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion of the trier of the facts. All conflicts must be resolved in favor of the respondent and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial judge or jury. (*Estate of Bristol*, 23 Cal.2d 221 [143 P.2d 689] ; *Estate of Teel*, 25 Cal.2d 520 [154 P.2d 384].)

"As was said in *Estate of Teel, supra*, at page 527 :

" 'All of the evidence most favorable to the respondent

---

*Assigned by Chairman of Judicial Council.

must be accepted as true, and that unfavorable discarded as not having sufficient verity to be accepted by the trier of fact. If the evidence so viewed is sufficient as a matter of law, the judgment must be affirmed.'" (*Crawford* v. *Southern Pac. Co.,* 3 Cal.2d 427, 429 [45 P.2d 183]; *Hicks* v. *Ocean Shore R., Inc.,* 18 Cal.2d 773, 780 [117 P.2d 850]; *Tupman* v. *Haberkern,* 208 Cal. 256 [280 P. 970]; *Estate of Weber,* 113 Cal.App.2d 160, 165 [247 P.2d 939].)

The accident happened at about 7:20 p. m. on February 25, 1954, in the darkness of early evening, the lights of business houses in the vicinity and automobile headlights being on. The plaintiff, 71 years of age, was crossing Tulare Street near its intersection with "R" Street in the city of Fresno. It was a signal-controlled intersection and he had waited for the green light to permit him to walk in a southerly direction across Tulare Street. The latter thoroughfare, running east and west, had four lined traffic lanes, divided by a double line in the center, and there was a 16-foot pedestrian lane at the corner for southbound foot passengers. The defendant had been driving north on "R" Street, but with the green light signal he made a left-hand turn to go west on Tulare. His headlights were on and he was traveling at about 10 or 15 miles per hour when he made his turn. The testimony of the defendant driver and another eyewitness and of the police officer who investigated the accident establishes that the plaintiff was not in the pedestrian lane, as he claimed, at the time he was struck, but some material distance to the west of it. The plaintiff was dressed in a dark suit. His eyes were fixed on the green signal light, and he did not see the automobile until almost the instant of the impact. The jury saw and heard the witnesses; it was its function to determine the questions of fact relative to negligence and contributory negligence; and the trial court by denying plaintiff's motion for a new trial approved the jury's verdict. We cannot interfere with these factual findings unless, as plaintiff claims, the evidence supporting the jury's verdict is inherently improbable. (*Sandvold* v. *Perrot,* 74 Cal.App. 2d 344, 346, 347 [168 P.2d 995]; *Hines* v. *Milosivich,* 68 Cal. App.2d 520, 522 [157 P.2d 45]; *Wright* v. *Sniffin,* 80 Cal. App.2d 358, 362 [181 P.2d 675]; *Biondini* v. *Amship Corp.,* 81 Cal.App.2d 751, 766 [185 P.2d 94]; *Ferrell* v. *Matranga,* 92 Cal.App.2d 620, 622 [207 P.2d 654].) What counsel actually argue in attacking the verdict is that some of respondent's testimony is inaccurate in this, that the driver,

Payne, and his witness Pedersen, estimated that plaintiff was 20 to 30 feet west of the westerly line of the crosswalk when he was struck, while the police officer, Oldfield, testified that by using a steel tape he ascertained that plaintiff was only 14 feet west of that line when he lay in the street after the accident. Counsel argue that the force of the collision would itself carry the plaintiff westerly, but the defendant driver testified that the plaintiff, when struck, ''just fell over'' at the side of the car and that he was not carried farther to the west—except he ''could have moved about a half a foot or something like that, or maybe a foot back from where it was.'' ▮ Mere inaccuracies in the estimates of distance made by witnesses do not make such evidence inherently improbable. It cannot be said that the testimony considered as a whole ''is inherently so improbable and impossible of belief as to, in effect, constitute no evidence at all.'' (*De Arellanes* v. *Arellanes,* 151 Cal. 443, 448 [90 P. 1059].) The basic fact favoring the defense that the plaintiff was outside the pedestrian lane at the time he was hit is still established by substantial evidence even if the distance was not accurately estimated by two defense witnesses. Being satisfied that the verdict is supported by substantial evidence, we cannot disturb it.

Appellant claims error in the modification of instructions offered, and in the instructions given on contributory negligence, presumption of due care, and damages.

This court pointed out in *Bramble* v. *McEwan,* 40 Cal. App.2d 400, 411 [104 P.2d 1054], that a trial ''. . . (c)ourt is not required to give every instruction requested by a litigant and is not required to instruct the jury upon any particular phase of the law more than once, nor to say the same thing in as many different ways as the ingenuity of counsel may suggest.''

It appears that, taken as a whole, the instructions on contributory negligence, while concise and laconic, were complete. ▮ Plaintiff requested the following instruction which was modified by the court by striking out everything but the opening sentence:

''One of the defenses set up by the defendants in this case, is the plea of contributory negligence. *In this defense the burden is upon the defendants to prove two things*:

''*First, that the plaintiff against whom the defense is asserted, was negligent.*

*"Second, that such negligence, if any, proximately contributed to cause the injuries complained of. If the defendants fail to prove either of these two propositions, this entire defense of contributory negligence fails."* (Omitted portion of proposed instruction in italics.)

But the court afterwards gave the following instruction, which covers the same ground:

"To establish the defense of contributory negligence the burden is upon the defendants to prove by a preponderance of the evidence that plaintiff was negligent, and that such negligence, if any, contributed in some degree as a proximate cause to the damages, if any, to plaintiff."

Appellant complains because the last sentence of the following instruction was omitted.

"You are instructed that conduct which is in violation of any of the provisions of the California Vehicle Code I have given you in these instructions constitutes negligence per se. This means that if the evidence supports the finding, and you find, that person did so conduct himself, it requires a presumption that he was negligent. However, such presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence. *In this connection, you may assume that a person of ordinary prudence will reasonably endeavor to obey the law and will do so unless causes, not of his own intended making, induced him, without moral fault, to do otherwise."* (Omitted portion of proposed instructions in italics.)

The proposed instruction is practically identical with instruction 149 of California Jury Instructions, Civil (BAJI), which, as a whole and without separate comment as to the form of the last sentence contained in it, has been approved by the Supreme Court. (*Combs* v. *Los Angeles Railway Corp.*, 29 Cal.2d 606, 610 [177 P.2d 293] ; *Ornales* v. *Wigger,* 35 Cal.2d 474, 478 [218 P.2d 531].) It does not necessarily follow, however, that, in the instant case, the omission of the deleted portion was error.

All preceding references to sections of the Motor Vehicle Code contained in the court's charge, with the sole exception of one on the right-of-way of pedestrians at crosswalks, covered duties imposed by law on the defendant. With respect to the right-of-way, the plaintiff stoutly maintained that he

was at all times in the crosswalk for pedestrians. It would necessarily follow that the defendant rather than the plaintiff would benefit by the inclusion of the omitted sentence, and that the plaintiff cannot reasonably maintain that he was materially prejudiced by the deletion. It should be observed further that the omitted sentence is somewhat ambiguous. This is forcefully illustrated by the fact that appellant states in his brief that it refers to ''what an ordinary prudent pedestrian is entitled to expect of an ordinary prudent driver''; on the contrary, the deleted portion of the instruction refers. to an assumption that the jury is told it may make with reference to the intentions of an ordinarily prudent man relative to violations of law. The last part of the omitted sentence, ''(u)nless causes, not of his own intended making, induced him, without moral fault, to do otherwise,'' introduces rather vague and shadowy concepts which lack the precision of good legal definition. Furthermore, the sentence seems to return the subject to the test of what an ordinarily prudent person would do in the circumstances, as advocated in the dissenting opinion of Mr. Justice Carter in the leading case of *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581, 601 [177 P.2d 279], rather than what the statute provides by way of a standard as is required by the majority opinion in that case. The omitted sentence is based upon the presumption ''That the law has been obeyed'' (Code Civ. Proc., § 1963, subd. 33), and thus impinges upon a subject which is usually treated separately in instructions and which has a complex history and diverse ramifications of its own. (See California Jury Instructions, Civil (BAJI), 4th ed., vol. 1, pp. 312-322.) These observations induce a legitimate doubt as to the advisability of giving the omitted portion of the instruction. We find that it was not error, in the circumstances, to leave it out.

From appellant's general instruction on damages the court excised the sentence ''*In estimating the amount of such damages, you may consider the physical and mental pain suffered, if any, the extent, nature and character of the suffering, mental and physical, if any, and its duration.*'' While this deleted portion is only an expansion of the instruction as given, and the essential meaning of the charge was not changed by its omission, the sentence could well have been included. But appellant cannot very well claim that any error in the instructions on damages was prejudicial, for the jury found against him as to liability and consequently, the question

of damages never came before them. (*Boots* v. *Potter*, 122 Cal.App.2d 927, 940 [266 P.2d 176]; 4 Cal.Jur.2d, Appeal and Error, § 620.) Prejudicial error cannot be predicated on an instruction relative to an issue that played no part in the decision of the case.

The final sections of appellant's briefs are devoted to a claim that the court erroneously refused four instructions on contributory negligence, the right-of-way of pedestrians in signal-controlled pedestrian lanes, a "presumption" relative to seeing that which is in plain sight, and permissible assumptions as to obedience of the law by others. ■ As to contributory negligence, the court refused the following proposed charge:

"You are instructed that contributory negligence is defined as such an act or omission on the part of the plaintiff amounting to a want of ordinary care, as, concurring or cooperating with the negligent act, if any, of the defendants and contributes to the proximate cause of the injuries complained of. However, if you find that the plaintiff was negligent but that his negligence, if any, did not contribute directly or proximately to his damage, if any, you are instructed that the plaintiff was not guilty of contributory negligence."

The jumbled wording of the first sentence would itself authorize the refusal, as a court is not required to correct the form of an offered instruction. If it is erroneous as submitted, it may be rejected. A further complete answer to the contention is that the jury was fully instructed on the subject by the giving of the two following statements of the law:

"Contributory negligence is negligence on the part of a person injured which, cooperating in some degree with the negligence of another, helps in proximately causing the injury of which the former thereafter complains.

"One who is guilty of contributory negligence may not recover from another for the injury suffered."

"To establish the defense of contributory negligence the burden is upon the defendants to prove by a preponderance of the evidence that plaintiff was negligent, and that such negligence, if any, contributed in some degree as a proximate cause to the damages, if any, to plaintiff."

The standard definition of negligence and of ordinary care as given by the court high lights the meaning of the contributory negligence instructions as given:

"Negligence is the doing of some act which a reasonably prudent person would not do or the failure to do something which a reasonably prudent person would do actuated by those considerations which ordinarily regulate the conduct of human affairs. It is the failure to use ordinary care in the management of one's property or person."

"Ordinary care is that care which persons of ordinary prudence exercise in the management of their own affairs in order to avoid injury to themselves or others."

Appellant's argument that the instruction as given is erroneous is based on an excerpt from the case of *Robinson* v. *Western Pac. R. Co.* (1874), 48 Cal. 409, 423, in which it is pointed out that "ordinary negligence" rather than "slight negligence" must proximately contribute to a casualty before contributory negligence results and bars recovery. The holding is referred to in *Strong* v. *Sacramento & Placerville R. Co.* (1882), 61 Cal. 326 and in later cases with approval. But, as we have seen, in the instant case the instructions as given were tied in with the definitions of "ordinary negligence" and "ordinary care" and the charge as a whole is entirely consistent with the rule enunciated in the Strong case, *supra*.

The following instruction offered by plaintiff was refused:

"A pedestrian crossing an intersection in a marked crosswalk in obedience to the traffic signals possesses the right-of-way over vehicles attempting to cross said crosswalk," but the court told the jury:

"You are instructed that Section 560 of the California Vehicle Code provides as follows: The driver of a vehicle shall yield the right-of-way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection."

Upon analysis, in the light of the factual situation developed in the case, the refused instruction actually would have added nothing material to the total charge as given by the court. The essential point in both is that the pedestrian in the crosswalk has the right-of-way. Therefore, appellant's argument that judicial recognition of the existence of the green light signal might have given additional rights to the pedestrian such as a possible reduction of the quantum of care in keeping a continuing lookout for vehicular traffic (*Taylor* v. *Sims*, 72 Cal.App.2d 60, 63-64 [164 P.2d 17]; *Francis* v. *City & County of San Francisco*, 44 Cal.2d 335,

341 [282 P.2d 496]) is a false quantity here, for the proposed instruction did not incorporate any such additional matters. Both the proposed and the given instruction told the jury that if the plaintiff was in the outlined crosswalk, he had the right of way.

██ Next, appellant argues that the failure to give the following instruction constituted prejudicial error:

"The law presumes that a person driving an automobile on the highway and possessing normal faculty of sight must have seen that which was within the range of his sight."

There is no such *presumption*. ██ There is, however, an *inference* justified by general human experience that when one looks in the direction of an object clearly visible he sees it, and it is proper so to instruct a jury and to tell them further than when there is evidence that one did look and did not see that which was in plain sight, it follows that either some part of such evidence is untrue or that the person in question was negligently inattentive. (*Gallup* v. *Sparks-Mundo Eng. Co.,* 43 Cal.2d 1 [271 P.2d 34] ; *Gilbert* v. *Pessin Grocery Co.,* 132 Cal.App.2d 212, 221 [282 P.2d 148] ; *LaBranch* v. *Scott,* 82 Cal.App.2d 1 [185 P.2d 823] ; *Bischell* v. *State,* 68 Cal.App.2d 557, 563 [157 P.2d 41].) In the form proposed by appellant, the instruction is argumentative (*Beck* v. *Sirota,* 42 Cal.App.2d 551, 564 [109 P.2d 419]) and it does not contain the careful qualifications set forth in a correct statement of the rule. (See California Jury Instructions, Civil (BAJI), 4th ed., vol. 1, pp. 345, 347.) It should be noted also that the jury was instructed that the operator of an automobile must anticipate that he may meet persons at any point in the street and he must keep a proper outlook for them "and keep his machine under such control as will enable him to avoid a collision with another person using proper care and caution, and if the situation requires, he must slow up and stop," and also that because he was operating an automobile the defendant driver owed a duty to exercise a greater quantum of care than the plaintiff.

██ Lastly, appellant claims error in the refusal of the following proposed statement of the law:

"I instruct you that a person lawfully and carefully using a street has the right to assume that all other persons using the street will exercise ordinary care and caution; and the plaintiff has a right to assume that the defendant, in his operation of his automobile, will obey the traffic laws and regulations."

A complete answer to this contention is that the court gave an instruction incorporating the same principles, but expressed in a better form and with a proper qualification, as follows:

"A person who, himself, is exercising ordinary care has a right to assume that others, too, will perform their duty under the law, and he has a further right to rely and act on that assumption. Thus it is not negligence for such a person to fail to anticipate injury which can come to him only from a violation of law or duty by another. However, an exception should be noted: the rights just defined do not exist when it is reasonably apparent to one, or in the exercise of ordinary care would be apparent to him, that another is not going to perform his duty."

It is our final considered opinion that the jury was fairly and adequately instructed.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.