[Civ. No. 23646.    Second Dist., Div. One.    Sept. 10, 1959.]

JOHN E. FLYNN, Respondent, v. WILLIAM E. WALLACE, Appellant.

Spray, Gould & Bowers for Appellant.

Dryden, Harrington, Horgan & Swartz and Vernon G. Foster for Respondent.

NOURSE, J. pro tem.*—This is an action to recover damages for personal injury. The defendant Wallace appeals from a judgment based upon the verdict of the jury in favor of plaintiff.

The sole ground for the appeal is the refusal of the court to give an instruction requested by the defendant.[1]

We have reached the conclusion that the judgment must be affirmed.

### THE PLEADINGS

By his complaint plaintiff alleged that he was a passenger in a certain Dodge vehicle which was proceeding in a westerly direction on Glenoaks Boulevard in the process of making a left-hand turn to go south on Central Avenue in the city of Glendale; that at that time the defendant Wallace operated his vehicle in an easterly direction on Glenoaks Boulevard in

---

*Assigned by Chairman of Judicial Council.

[1] "If you should find that Hubert C. Buzzell, who was operating the automobile at the time of the accident, was negligent and that his negligence was a proximate cause of the injury of which plaintiff John E. Flynn now complains, you then must determine under the instructions now to be given, whether the negligence of the driver, Hubert C. Buzzell should be imputed to the plaintiff John E. Flynn, thus constituting contributory negligence on his part, and thus barring recovery by him.

"To thus impute the negligence, if any, of the driver to the plaintiff John E. Flynn, who was riding in the vehicle at the time of the accident, you must find from the evidence either that he and the driver were then in *joint* or common possession and control of the automobile, with the two having equal rights to be heard in its control and management (or *that the driver was then acting as the agent of the plaintiff and within the scope of his employment.*" (Final italics ours.)

such a careless and reckless manner as to cause it to collide with the vehicle in which the plaintiff was then riding causing plaintiff to sustain certain injuries, disabilites and damage. By his answer appellant Wallace denied negligence on his part and as an affirmative defense pleaded that plaintiff and one Buzzell were engaged in a common and joint enterprise at the times and places mentioned in the complaint and that each had the right to control the operation of the automobile; that Buzzell operated the automobile in which the plaintiff was riding in a careless and negligent manner and that his negligence contributed to and proximately caused the injuries and that, therefore, plaintiff was barred from recovery. As a second affirmative defense he pleaded that plaintiff was himself guilty of contributory negligence.

### The Facts

It is unnecessary to recite in detail the facts as to the manner in which the accident occurred for it suffices to say that there was substantial evidence that both Buzzell and Wallace were negligent and that the negligence of each proximately contributed to the accident.

The evidence showed that Buzzell was in the general employ of the plaintiff Flynn; that on the evening prior to the accident Flynn requested Buzzell to pick him up and drive him to work and the accident occurred during the hours of Buzzell's employment and while the plaintiff and Buzzell were on their way from Flynn's home to his place of business; that in connection with the time at which he was to pick up Flynn on the morning of the accident Buzzell stated that that time was fixed by Flynn because he was the boss. From this evidence the jury might have found that Buzzell was acting as agent or employee of the plaintiff Flynn at the time of the happening of the accident.

Respondent asserts that the defendant did not plead imputed negligence in his defenses of contributory negligence and that, therefore, that question was not in issue. However, it is apparent from the opening statement made by defendant's counsel, from the evidence that was introduced relative to negligence of Buzzell and the facts concerning his employment by Flynn and the directions taken by him from Flynn that the case was tried upon the theory that the negligence of Buzzell as an employee or agent of Flynn was in issue and, therefore, even though defendant did not expressly plead the agency and the imputation of negligence arising therefrom, an instruction upon the proposition of such imputed negli-

gence would have been properly given. (*Buckley* v. *Chadwick*, 45 Cal.2d 183, 188 [288 P.2d 12, 289 P.2d 242].)

On the other hand, the evidence was entirely insufficient to support an instruction upon the theory that Flynn and Buzzell were engaged in a joint and common enterprise.

The purpose of the trip was not a joint enterprise but had for its sole purpose that of enabling Flynn to reach his place of employment of which he was the proprietor and Buzzell only an employee. There being nothing in common between Flynn and Buzzell except the common destination and the common purpose of going to Flynn's place of business, a joint enterprise was not established. (*Campagna* v. *Market St. R. Co.*, 24 Cal.2d 304 [149 P.2d 281].)

The instruction refused by the court not only would have submitted to the jury the issue of imputed negligence arising out of the relationship of principal and agent but that which would have arisen out of the relationship of Flynn and Buzzell as members of a joint enterprise if such an enterprise had existed. It did not exist and the court properly so instructed the jury and it would have been error to have submitted that issue through the requested instruction.

It was not the duty of the court to edit the instruction given and if defendant had desired a separate instruction based upon his theory of agency he should have requested it. (*Nelson* v. *Southern Pacific Co.*, 8 Cal.2d 648, 653 [67 P.2d 682]; *Royko* v. *Griffith Co.*, 147 Cal.App.2d 770, 772 [306 P.2d 36]; *Cucuk* v. *Payne*, 140 Cal.App.2d 881, 888 [296 P.2d 7].)

The judgment is affirmed.

Fourt, Acting P. J., and Lillie, J., concurred.