[Civ. No. 13070. Second Dist., Div. Two. Apr. 28, 1942.]

HARRY O. McWANE, Plaintiff and Appellant, v. EDITH HETHERTON, Respondent; JOSEPHINE FITZPAT-RICK et al., Cross-Defendants and Appellants.

R. Bruce Murchison, Richard C. Hart and John Bricker Myers for Appellants.

Winterer & Ritchie and Robert L. Faucett for Respondent.

McCOMB, J.—From a judgment in favor of respondent on (a) appellant McWane's complaint and (b) respondent's cross-complaint, after trial before the court without a jury in an action to recover damages which resulted from injuries received in an automobile accident, appellants appeal.

The evidence being viewed in the light most favorable to respondent, the essential facts are:

On the afternoon of December 31, 1939, respondent was driving an automobile in a southerly direction on Normandie Avenue just north of where it intersects with 110th Street in

the city of Los Angeles. Respondent extended her left arm* when approaching the intersection indicating that she intended to make a left turn into 110th Street. As she commenced to turn easterly into 110th Street, she noticed a car owned by appellant McWane and being operated by appellant Fitzpatrick traveling in a northerly direction on Normandie Avenue approximately 600 feet south of the intersection. The car in which appellants were riding was traveling about sixty miles an hour and weaving to some extent as it proceeded along the avenue.

Respondent immediately stopped her car leaving the left fender projecting into the east half of Normandie Avenue approximately one and one-half feet. There remained approximately thirteen and one-half feet between the front of respondent's automobile and the easterly curb line of Normandie Avenue. Thereafter the left front fender of appellants' car struck the left front fender of respondent's car, as a result of which respondent received injuries to her person and property in the amount of $3,336.24.

Appellants rely for reversal of the judgment on these propositions:

*First: There is no substantial evidence to sustain the trial court's finding that appellants' negligence was the proximate cause of the damage suffered by respondent.*

*Second: Respondent was contributorily negligent as a matter of law.*

Both of the foregoing propositions are untenable. An examination of the record discloses that there was presented to the trial judge direct evidence of eye witnesses in conformity with each and every fact set forth above. From these facts the trial judge may reasonably have believed that respondent acted as a reasonably prudent person under similar circumstances would have acted in immediately stopping her car when she saw the automobile in which appellants were driving approaching her at a speed of approximately sixty miles an hour and. weaving in its course along Normandie Avenue; also that appellants, in failing to perceive the car in which respondent was riding and by failing to drive to the east of respondent's car or to stop before hitting her car, did not act as a reasonably prudent person similarly situated would have acted, and they were therefore negligent and such negli-

---

*The evidence fails to disclose for what distance respondent's arm was extended prior to the time she started to turn her car into 110th Street.

gence was the proximate cause of the damage suffered by respondent.

An unbroken line of decisions in this state holds that negligence upon the part of defendant and contributory negligence on the part of plaintiff are questions of fact for determination by the trier of fact, whose findings will not be disturbed by this court if, as in the instant case, there is substantial evidence to support them. (*Kapper* v. *Harris,* 10 Cal. App. (2d) 630, 633 [52 P. (2d) 569].) In view of this rule we are bound, not only by the trial court's finding that appellants were negligent and that their negligence was the proximate cause of the injury suffered by respondent, but also by the trial court's implied finding that respondent did not violate any provision of sections 526, 527, 551 and 671 of the Vehicle Code. Nor is there any merit in appellants' contention that the evidence fails to disclose that respondent, before turning into 110th Street, failed for the last fifty feet to give a proper signal of her intention to make a turn and thereby violated section 544 of the Vehicle Code, since the law is established in California that the failure to comply with a statute does not constitute contributory negligence in the absence of a showing that the violation of the statute was a proximate cause of the plaintiff's injury. (*Reeves* v. *Lapinta,* 25 Cal. App. (2d) 680, 681 [78 P. (2d) 465].)

In the instant case the trial court impliedly found, based on substantial evidence, that, even though respondent did not introduce evidence that she had extended her left arm continuously for the last fifty feet before she turned into 110th Street, such failure so to do was not a proximate cause of the accident which ensued.

It is our view that the present record is exceptionally free from error and that the judgment of the trial court is not only overwhelmingly supported by the evidence but that a contrary judgment would have been against the decided weight and preponderance of the evidence.

For the foregoing reasons the judgments are and each is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.