[Civ. No. 14757. Second Dist., Div. Two. Mar. 27, 1945.]

DON LEE HINES, a Minor, etc., Respondent, v. MAX MILOSIVICH, Appellant.

J. P. Nunnelley and R. E. Erwin for Appellant.

Russell H. Pray and Samuel J. Nordorf for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover damages alleged to have been caused by the negligence of defendant in failing to provide proper barriers around an excavation, defendant appeals.

The evidence being viewed in the light most favorable to plaintiff (respondent), the essential facts are:

Defendant, a sewer contractor, made an excavation approximately 120 feet long and 18 inches wide, varying in depth from 10 inches to 7 feet, from a house to the center of Nichols Street in Bellflower, California. The excavation was not open the entire distance, but was constructed with an opening in the middle of the street to which was a tunnel for a short distance, then a second opening, thence a tunnel to the street sufficient in length to accommodate automobile traffic, then open the remaining distance to the house. The dirt removed from the excavation was piled along the sides and around the openings. A county ordinance required defendant to maintain barriers not less than 3 feet high at each end of the excavation. This defendant did not do.

On October 3, 1943, plaintiff, a boy eight years of age, while engaged in a clod battle with some of his playmates, observed his father driving his car and heard him honk his horn for him to come home. This plaintiff started to do, and while watching the boys with whom he had been playing, and while walking backward fell into the excavation made by defendant and suffered a fractured leg. It is conceded that plaintiff had been warned by his mother to keep away from the excavation and also that defendant had warned the boy to stay away from it.

There are two questions necessary for us to determine which will be stated and answered hereunder seriatim:

■ First: *Was defendant's negligence the proximate cause of plaintiff's injury?*

This question must be answered in the affirmative. Negligence is a question of fact for the determination of the trier of fact whose finding supported by substantial evidence will not be disturbed by an appellate court. (*McWane* v. *Hetherton,* 51 Cal.App.2d 508, 511 [125 P.2d 85].)

In the present case since the evidence discloses that defendant had not erected barriers at the end of his excavation, that plaintiff was a normal active boy of only eight years of age engaged in a normal pastime, playing with his associates, who suddenly heard his father summon him home, the trial judge properly inferred that had defendant erected barriers in accordance with the county ordinance at the end of the excavation these barriers might have so impressed the minor with the danger of the ditch that he would not have played near it. The trial judge may also have inferred that, since the boy had on previous occasions played near the ditch and had returned after repeated warnings by defendant to keep away from it, defendant should have known that plaintiff did not realize the danger and should have taken proper precautions to prevent him from falling into the ditch by placing barriers around the open portions.

Since the trial judge evidently drew these inferences from the evidence, such inferences support his findings that defendant was negligent in not placing barriers around the open portions of the ditch, and that such negligence was the proximate cause of plaintiff's injury.

■ Second: *Was plaintiff guilty of contributory negligence as a matter of law?*

This question must be answered in the negative and is governed by the rule: That whether a minor is of sufficient age and capacity to realize and appreciate the risk of injury to which he is exposing himself is a question of fact for the determination of the trier of fact, taking into consideration the usual thoughtlessness, carelessness, and lack of discretion in children, their childish instincts, impulses, and propensities, together with all the circumstances in a particular case. (*Cahill* v. *E. B. & A. L. Stone Co.,* 167 Cal. 126, 141 [138 P. 712] ; *Richmond* v. *Moore,* 103 Cal.App. 173, 177 [284 P. 681].)

Applying the foregoing rule to the facts in the instant case, the trial judge very properly concluded, from an observation

of the child who testified before him together with the other facts in evidence, that plaintiff was not aware of the danger to which he was exposing himself, and that therefore plaintiff was not guilty of contributory negligence.

*Hernandez* v. *Santiago O. G. Assn.*, 110 Cal.App. 229 [293 P. 875], relied on by defendant is factually distinguishable from the instant case. In the Hernandez case the suit was brought by the father for the wrongful death of his minor son who was killed when ice fell from refrigerator cars which were being iced. It is stated in the opinion that the deceased knew the danger from the falling ice, therefore recovery was barred because of the contributory negligence of deceased.

*Blodgett* v. *B. H. Byas Co.*, 4 Cal.2d 511 [50 P.2d 801], is likewise inapplicable to the facts of the present case, for the reason that in the Blodgett case the question involved the conduct of an adult and not of a minor.

In view of our conclusions it is unnecessary to discuss other authorities cited by defendant.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.