[Civ. No. 18285.   Second Dist., Div. One.   Oct. 16, 1951.]

MAE HERRIN et al., Appellants, v. FRANK WHITE, Respondent.

McNamee & Moran and John Moran for Appellants.

Crider, Runkle & Tilson and Donald E. Ruppe for Respondent.

DRAPEAU, J.—Plaintiff, Mae Herrin, drove her automobile into a garage to have the windshield wipers fixed. At the direction of an employee, she put her car into a stall in the garage. She then proceeded on foot through a doorway to another part of the garage. She was on her way, first, to the office of the garage, and, secondly, to a nearby grocery store.

The doorway was in a partition which divided the garage into two parts. One part was 7½ inches lower than the other. The step down was at the doorway, in the direction plaintiff was going. A board was placed at the top of the step, slightly above the level of the room from which plaintiff was walking. And a 2½-inch iron pipe extended approximately 3 inches out of and approximately in the center of the step. This pipe is shown on a photograph, plaintiff's exhibit 3. The garage was well lighted. The floors and the step were clean.

As plaintiff went through the doorway she fell and was seriously injured. At the time she had on bifocal glasses, and was wearing galoshes over her shoes. And she had been several times before in that part of the garage into which she fell. She didn't know what caused her to fall; she just fell.

Plaintiff sued for her injuries, and alleged negligence in the maintenance of the step, and particularly in the maintenance of the pipe there.

After hearing the evidence and viewing the premises, the trial judge found against plaintiff. The judge said, "I am satisfied that if we did find this defendant was negligent we would have to guess or speculate as to the negligence, and I am satisfied that if the plaintiff had looked as she should have looked this would never have happened. There is no evidence here to show that this pipe caused the accident."

From the judgment which followed for defendant owner of the garage, plaintiff appeals.

■ It was the province of the trial judge to draw the inference that the garage owner was or was not negligent, and that there was or was not contributory negligence on the

part of the plaintiff. (*McWane* v. *Hetherton*, 51 Cal.App.2d 508 [125 P.2d 85].)

The facts in this case do not bring it within any exception to the substantial-evidence rule. Under that rule the judgment must be, and is affirmed.

White, P. J., and Doran, J., concurred.